Johnson, Chief Judge.
The only errors now insisted on in the argument, are the first and eighth in the petition in •error, in this court. They are, in substance, that the court had no jurisdiction to grant the relief obtained in this case, and that the petition did not state a cause of action for such relief, for the reason that plaintiff had a plain, adequate, and complete remedy at law. No objection of this kind was made before final trial and judgment, by demurrer, .answer, or otherwise. The point is now, for the first time, made in the petition in error, filed in this court.
On the hearing, in both the lower courts, it was assumed by both parties, that the case was one for equitable relief, and it was twice tried on that theory. Judgment against plaintiff in error, was rendered in the common pleas, on the pleadings and evidence, and again, upon appeal in the district court, upon an agreed statement of facts.
If the case was one for a jury, it was not appealable, and yet plaintiff not only failed to object to the jurisdiction of the court, but consented to a second hearing upon an agreed statement of facts. So far as it was possible for consent to give jurisdiction to grant such relief, it was given, in both •courts below, by unequivocal acts.
In view of these acts, it is claimed by defendant in error that it is now too late to object, on the ground that the relief should have been at law, and not in equity.
The general jurisdiction of the court of common pleas, both at law and in equity, and its power to' permit amendments, either in the statement of facts, or in the demand for relief, in furtherance of justice, render the questions involving the boundary line between law and chancery of less practical importance in the administration of justice, than under judicial systems, where courts of law and chancery were distinct tribunals.
By section 3 of the code, the distinction between *541 actions at law and suits in equity and the forms of all such actions and suits were abolished. The court of common-pleas had jurisdiction of this cause of action, whether it be regarded as legal or equitable. Had plaintiff' in error made the question in the courts below, by demurrer or answer, before the hearing, or even at the trial, an amendment of the prayer for relief might have been permitted, in furtherance of justice, and the controversy ended in one-action, without further litigation and costs.
This was not done. Can the defendant below, after neglecting to make this question, by demurrer or answer, and after a full, and, so far as we know, a fair and impartial trial, where each party sought the aid of the chancellor to-determine the matter in dispute, now object that the caséis one for damages only?
Whether the facts in the case called for relief in law or in equity, is a question not altogether free from difficulty. It lies near the vague and indefinite boundary line between the jurisdiction of courts of law and equity. The books abound in cases lying near this line on either side, where-unsuccessful attenrpts have been made to define, with some degree of precision, the limits of equity jurisdiction in eases-of this class.
The alleged trespasses relate to a disputed boundary line and partition fence, and right of,way, involving a construction of a deed between the parties, and their respective rights as adjoining land-owners, to the right of way, the line fence, etc.
The object of the petition was to settle these disputed matters, which might otherwise involve vexatious litigation, and probably a multiplicity of suits. The plaintiff in error was acting under a claim of right, and not as a trespasser, and submitted the controversy to the chancellor, claiming that the equity of the case -was with him. Can he now object, on the ground that relief in equity was not the proper remedy ?
It is not beyond question that the plaintiff was not entitled to equitable relief. Authorities are not wanting to *542 ¡support the court below. No good reason can be suggested why, under our system of jurisprudence, in which the same court is vested with law and chancery jurisdiction, and in which the distinction between actions at law and suits iu chancery are abolished, the defendant should not raise this objection before final judgment. By so doing, the plaintiff' would have been permitted to amend, and obtain the relief to which he was entitled, without being driven to another action. To permit the defendant to remain silent on this question, and by answer and trial to contest the ■case on its merits, as a suit in equity, and then, after being ■defeated, to assign, in this court, as error, the defective prayer of the petition, as a ground of reversal, comports neither with the terms nor with the scope of the civil code. Such a practice would tend to multiply actions, rather than to put an end to controversy. Nor is it sustained by authority, either under the present or former ■system 'of practice, where law and equity were administered by distinct tribunals.
Gilbert, in his History and Practice of the Court of Chancery, says : “ Where the common law would give the same relief as a court of equity, then, if the defendant would ■deny the deed, and demur to the relief, the demurrer would be allowed; but if the defendant doth not demur to the relief, the court will proceed for the plaintiff, on the hearing, ¡after the deed is properly proved, because the defendant admitted the jurisdiction by answering and putting it in issue, and not demurring.” Page 219. Again, on page 51: •“ Where a plaintiff goes into a court of equity for damages, which are uncertain and not to be settled but by a jury, the defendant may demur to the relief, after having first answered to the damages; because it is alienifori, since the ■court can not settle the damages.”
In Ludlow v. Simond, 2 New York Cases, 41, Thompson, J., adds: “ But this must be ante litis contestationem, for, if he answers and contests with the plaintiff he can take no .advantage of it at the hearing; for he has submitted to .•the jurisdiction of the court, and the court will not try at *543 law the quantum of damages by a feigned action. . . . This appears to me to be a reasonable rule, and calculated to save expenses. It is a good general pi’inciple that when a party objects to the jurisdiction of a court, he ought to do it at the earliest opportunity.”
In the same case (p. 5), Kent, C. J., says : “ By answering in chief, instead of demurring, he submitted his defense to the cognizance of the court; and equity will, and ought, in such cases, to retain the cause, provided the court be competent to grant the relief, and has jurisdiction of the subject-matter.”
This remark, “ provided the court be competent to grant the relief, and has jurisdiction of the subject-matter,” as well as that of Thompson, J., on page 40, that he would not extend this rule “to cases where the subject-matter is not within the jurisdiction of the court,” expresses in terse language the limit of the rule.
In Penn v. Lord Baltimore, 1 Vesey, Sen., 446, Lord Chancellor Hardwieke states the rule and its limitation thus: “ To be sure, a plea to the jurisdiction must be offered in the first instance and put in primo die-, and answering submits to the jurisdiction; much more when there is a proceeding to hearing on the merits, which would be conclusive at common law ; yet a court of equity which exercises a more liberal discretion than common-law courts, if a plain defect of jurisdiction appears at the hearing, will no more make a decree than where a plain want of equity appears.”
Ludlow v. Simond was affirmed in Underhill v. Van Cortlandt, 2 John Ch. 869, where Chancellor Kent, speaking in a ease where the jurisdiction of the court was probably doubtful, says: “ But, at any rate, by answering in chief, instead of demurring, the defendant submitted' the cause to the cognizance of this court, and they come too late at the hearing on the merits to raise the objection. It would be an abuse of justice if the defendants were to be permitted to protract a litigation to this extent, and with the expense *544 that has attended this suit, and then at the final hearing interpose with a preliminary objection.”
To the same effect are, Leroy v. Platt, 4 Paige Ch. 77, 81 ; Livingston v. Livingston, 4 Johns. Ch. 287; Williams v.. Mayor, etc., 2 Mich. 584, et seq.; Nicholson v. Pinn, 5 Ohio St. 25 ; Wiswell v. Hall, 3 Paige, 313 ; May v. Gordon, 27 Geo.. 352; Bell v. McGrady, 32 Geo. 257; Reed, v. Wessell, 7 Mich. 139; Russell v. Loring, 3 Allen, 121; Munson v. Munson, 30 Conn. 425 ; Clark v. Mint, 22. Pick. 237; Krichbaum v. Bridges, 1 Iowa, 14.
Russell v. Loring, 3 Allen, 121, like the case at bar, was-heard upon an agreed statement of facts, and it was held “that the parties by agreeing to submit the case to the-determination of the court upon a statement of facts, waive-all objection to the form of proceeding, unless the point is expressly reserved by them.”
That was a suit in equity, and the point was the same as is-here made, that the complainant had a plain, adequate, and complete remedy at law, and it was therefore held that the objection on that ground “ comes too late when raised for the first time on final hearing on the merits, when the court has jurisdiction of the subject-matter.”
In the United States courts, it is said, this rule does not prevail by reason of their limited jurisdiction. It is there-held that this objection may be made at any stage of the-proceedings, and that if there is a plain, adequate, and. complete remedy at law, the court will, sua sponte, raise it' on final hearing. Parker v. W. L. C. & W. Co., 2 Black.. 545.
In the same connection, it is said, that section sixteen* of the judicial act of 1789, which provides that suits-in equity shall not be sustained in the courts of the United' States, when there is a plain, adequate, and complete remedy at law, is merely declaratory of the pre-existing rule, and does not apply where the remedy at law is not “ as* practical and as efficient to the ends of justice and to its prompt administration as the remedy in equity.” Ib. 551.. Watson v. Sutherland, 5 Wall. 78.
*545 “ It is not enough that there is a remedy at law ; it must he plain, adequate and complete; or in other words, as practical, and as efficient to the ends of justice and its prompt administration, as the remedy in equity.” Boyce, Exr v. Grundy, 3 Peters, 210, 215.
The case before us falls within a general class, of which equity takes cognizance. Milford’s Eq. Plead. 111-151; Story on Eq. Plead. § 472. It is brought against one, who, under claim of right, is committing; and threatens to continue to commit, permanent trespass upon plaintiff’s land, and who is asserting a right calculated to produce strife and litigation. It may be conceded that the plaintiff had an adequate remedy at law; yet it is quite doubtful whether that remedy is “ practical and efficient to the ends of justice as the remedy in equity;” at all events, it was competent for defendant to waive the question, and consent that a court of equity might, in a single case, settle the whole matter, and so prevent a multiplicity of actions at law. Having elected to take this course before a court, competent to grant either form of relief, and having had the benefit of two full impartial trials,'and after much delay and cost, it would be grossly unjust to permit him now to raise the question.
Several authorities are cited, to the effect that jurisdictional questions may be made at any stage of a case; among them, The Gen. Buell v. Long, 18 Ohio St. 521. This is true when the court has no jurisdiction over the subject-matter, as in that case, where exclusive jurisdiction was held to be in admiralty, but this rule has no aplication here, for the reason the court has jurisdiction over the subject-matter to grant relief, at law, or in equity, and for that purpose may permit amendments either in the allegations of the petition or iu the demand for relief. As the facts constituted a cause of action within the jurisdiction of the court, the only question was, if these facts are proved, what is the proper relief? No question going to the jurisdiction of the court, to hear and determine the cause, existed;. *546 for whether it be regarded as an action at law or a suit in equity, the jurisdiction of the court was undoubted.
It is said, that by section 89 of the code, a failure to ra\se the question by way of demurrer or answer, does not waive objections to the jurisdiction of the court, nor that tlie facts do not constitute a cause of action; and the argument is that, iu both eases, these objections may be made at any time. If the subject-matter is not within the jurisdiction of the court, or if the facts do not constitute a cause of action within such jurisdiction to grant relief, this is true, but in this case both exist, and the only question was whether the relief demanded was the proper relief to be granted, or whether the plaintiff should amend the prayer of his petition.
While the demand for relief forms part of the petition, jet it constitutes no part of the statement "of facts constituting the cause of action. This demand or prayer may be amended to conform the relief to the facts proved, an¿ after verdict, or finding and judgment upon the merits, a defective demand for relief may be cured. Draper v. Moore, 2 C. S. 167; Corry v. Gaynor, 21 Ohio St. 277; Phillips v. Dugan, 21 Ohio St. 466; Harkins v. Alcott & Horton, 13 Ohio St. 210.
This is especially so when the parties have tried the case on its merits, outside of the technical issues in the pleadings.
Under all the circumstances disclosed, we conclude that the objection now for the first time made, that the plaintiff had an adequate remedy at law, comes too late. The plaintiff in error has, by unequivocal acts, waived the objection.
This we think he can do, in a case like the present, where the apparent object is, not to recover damages for a series of trespasses committed and threatened to the plaintiff’s possessions, but to adjust a real difference as to the boundary between the parties and their respective rights in the premises, and avoid a multiplicity of actions for damages ■by settling the whole controversy in one action.
*547 The case falls within one of the appropriate heads of -equity jurisdiction, to restrain the assertion of doubtful rights in a manner productive of irreparable injury, and to prevent vexatious, oppressive, and repeated litigation. 'Story Eq. Plead. § 472. It appears probable that plaintiff in error, until after his defeat, desired to waive this point, .and have the whole matter settled in one action. N© ■ other inference can be drawn from his acts. At all events, it would be a perversion of the principles of our reformed practice, where law and equity are administered by the same'tribunal, and where the power of amendment is given to the fullest extent in the furtherance of justice, to allow a party to lie by, and take all the chances of a favorable .result, with the right reserved to defeat the judgment if it proved unfavorable.
This could not be done under the old system of practice, when law and equity were administered by distinct tribunals, and for a much stronger reason, it should not be done under the code practice.
If the point had been made by demurrer or answer, and -sustained, the court would undoubtedly have granted leave to amend the demand for relief, and the case would have proceeded as an action at law.

The judgment is affirmed.