New Orleans & N. E. R. Co. *v.* McCraney *et al.*

[96 South. 683. No. 23205.]

Railroads. *Evidence making prima facie case of negligence under statute.*

A *prima-facie* case of negligence under section 1985, Code 1906 (section 1645, Hemingway's Code), is not made out if on the whole evidence the jury would not be warranted in believing that the injury complained of was inflicted by the running of the defendant's engines, locomotives, or cars.

Appeal from circuit court of Jones county.

Hon. R. S. Hall, Judge.

Action by Fred B. McCraney and others against the New Orleans & Northeastern Railroad Company. From a judgment for plaintiffs, defendant appeals. Reversed, and judgment for defendant.

*Bozeman & Cameron,* for appellant.

We submit, 1st that the court below erred in refusing the peremptory instruction asked by the defendant: a. Because the testimony fails to show that McCraney was killed by any train of the defendant. b. Because the testimony shows that McCraney was a trespasser alongside the track of the defendant at a point between stations, and not at any road crossing, in the nighttime and was not seen in any position of peril by any engineer in charge of any passing train, and that there was no negligence on the part·

of the defendant in performing any duty which it owed to McCraney under the circumstances in evidence. c. Because it is proven that McCraney was not killed by any train of the defendant.

2nd. We submit that the court below erred in refusing to instruct the jury "that even though you may believe from a preponderance of the evidence that Travis McCraney was killed by a running train of the defendant, still if you further believe from the evidence that he was, at the time of his death, walking along, on or sitting or lying on, or beside the track, and that the engine men did not see or discover him in such position, your verdict should be for the defendant."

If McCraney was a trespasser on or near the railroad track, in the nighttime between stations, then the railroad company owed him no duty in the handling of its trains, until he was seen or discovered in a position of peril, and if he was not seen or discovered in a position of peril, then there was no negligence on the part of the railroad company proximately causing or contributing to his death and the railroad company is not liable therefor even if he was accidentally struck and killed by a train. *M. & O. R. Co.* v. *Stroud,* 64 Miss. 784; *V. & M. R. Co.* v. *McGowan,* 62 Miss. 682; *Dooley* v. *M. & O. R. Co.,* 69 Miss. 648; *A. G. S. R. Co.* v. *Daniels,* 108 Miss. 358; *Nom. & Co.* v. *Harrison,* 105 Miss. 18; *Y. & M. V. Ry. Co.* v. *Smith,* 111 Miss. 471.

*Pack & Pack,* for appellee.

It is true that there was no eye-witness to the death of McCraney, but under the positive holding of this court in the following cases, the plaintiff may make out his case under the *prima-facie* statute by circumstantial evidence. *Railroad Company* v. *Landrum,* 42 So. 675; *Railroad Company* v. *Brooks,* 85 Miss. 269, 38 So. 40; *Railroad Company* v. *Hunnicutt,* 53 So. 617; *Railroad Company* v. *Cole,* 101 Miss. 173, 57 So. 557.

It is submitted that in the instant case, the plaintiffs established by circumstantial evidence, that deceased came to his death by a running train and when this had been established, it then devolved upon the defendant to show clearly the facts attending the injury, and having shown this, then such further facts as would free itself from liability. *Brooks case, supra; Cole case, supra.*

It is submitted that the instant case is certainly as strong a case on the facts as was the Cole case. In both of them, there was testimony that the trains were properly equipped with electric headlights and that these were burning brightly; that all the engine men were at their posts of duty and keeping a lookout and that they saw no one on the track or in a position of peril, but the proving of these and other facts cannot free the railroad from liability. It is incumbent upon the company as stated in the *Brooks case,* 85 Miss. 269, to show clearly how the injury occurred. We quote from the opinion:

"The circumstances of the accident must be clearly shown, and the facts so proven must exonerate the company from blame. If the facts be not proven and the attendant circumstances of the accident remain doubtful, the company is not relieved from liability, and the presumption controls."

For a review of the leading cases dealing with the *prima-facie* statute, we refer the court to the *Thornhill case,* 106 Miss. 387, 63 So. 674.

In the instant case, counsel intimates that McCraney must have been murdered and his body placed upon the track, or that he fell over a cross-tie and struck his head against something with sufficient force to cause his death, or that at the time of his death, he was a trespasser and the company owed him no duty except to refrain from doing him wilful or wanton injury. The most that can be said in support of all these propositions is that they are but theories or conjectures and that none of them show clearly how the injury occurred.

If McCraney was not struck and killed by a train, how, we ask, can the presence of oily grease and rust on the shoulder of his coat be explained? It will be remembered that this important circumstance was testified to by the witness, Campbell. We might imagine that the grease could have dropped upon the coat as the train passed above and without touching the body, but certainly no such theory could account for the presence of the rust.

Finally, we submit, that the whole question as to how McCraney came to his death, was purely a question of fact and as such, its determination was peculiarly within the province of the jury.

SMITH, C. J., delivered the opinion of the court.

This is an action for damages brought by the children of Travis McCraney to recover damages from the appellant for the death of McCraney, who is alleged to have been negligently struck and killed by one of the appellant's trains. This is the second appearance of the case in this court (128 Miss. 248, 90 So. 881) ; the former appeal involving only the question of whether or not these appellees are barred because of a settlement made by their mother with the appellant. On the return of the case to the court below the question of the appellees' right to maintain the suit was tried in accordance with our former opinion, as was also the question of the appellant's negligence, and there was a verdict and judgment for the appellees. The assignment of error on which our decision must turn is that the court below erred in not directing a verdict for the appellant.

On the night of the 29th of March, 1912, the engineer of one of the appellant's trains that was approaching the town of Heidelberg discovered a man lying by the side of the track. This discovery was made just before the engine passed the place where the man was lying. The train was stopped, and he was picked up and carried to the station. When found he was dead, and appeared to

have been dead for some hours. He was lying face down, with his head between the cross-ties and his feet extending back toward the edge of the embankment; his left hand was under his body, and his right was extended toward and touching the rail, the two fingers of which had been mashed off, one finger being on the inside of the rail. His clothing was not disarranged and there were no indications of his body having been dragged or moved from where it first fell. He had in one of his pockets a glass bottle which had not been broken. The witnesses who found the body and moved it to the railroad station testified that the back of McCraney's head had been crushed, that being the only wound on his body; that the only blood near him was on the cross-tie on or near which his head lay. One or two witnesses for the appellees who examined the body after it had been removed to the station and was being prepared for burial testified that, in addition to the wound in his head, he had a small gash above one of his elbows, a bruise on his right shoulder blade, and another on his chin. McCraney was subject to fainting spells during which he would remain unconscious for about a quarter of an hour. He was addicted to the use of intoxicating liquor, and was last seen alive about 6 o'clock p. m. on the day of his death in company with a negro who disappeared thereafter and has not been seen since. A number of cross-ties had been unloaded along the track at the place where McCraney's body was found, one of which was lying near where he was killed and across the path of a person walking along the side of the track. The engineers of all of the appellant's locomotives, except one, which passed the place where McCraney's body was found between the time he was last seen and the discovery of his body, testified that they were on the lookout when passing that place, and did not see any one on the track. The engineer who did not testify was dead, but the fireman of his engine testified he was on the lookout at the time the train passed and did not see any one. McCraney lived above two miles from Heidelberg, and was

accustomed to walk on the railroad track in going to Heidelberg from his home and in returning thereto. The place where his body was found was between Heidelberg and his home, and at a place at which a person on the track would be a trespasser.

One question presented by the appellant's request for a directed verdict is whether or not the evidence discloses a *prima-facie* case under section 1985, Code of 1906 (Hemingway's Code, section 1645).

In order for a *prima-facie* case to be made under this statute it must appear from the evidence—the jury must be warranted in believing therefrom—that the injury complained of was inflicted by the running of the defendant railroad company's "engines, locomotives, or cars," and on this evidence a verdict that McCraney's injury was inflicted by the running of one of appellant's "engines, locomotives, or cars" could not be permitted to stand.

Leaving out of view the testimony of the appellant's engineers and fireman, and viewing the remainder thereof most strongly for the appellees, it probably points with equal force to the death of McCraney from a fall or other agency other than an "engine, locomotive or car" of the appellant. At most it can only be said to present a doubt relative thereto for solution by the jury. But, when the testimony of the engineers and fireman, which is unimpeached and not in conflict with any other, is considered, any probability of McCraney's having been injured by one of the appellant's "engines, locomotives, or cars" is removed. The cases of *Harrison* v. *Railroad,* 93 Miss. 40, 46 So. 408, and *Railroad* v. *Harrison,* 105 Miss. 18, 61 So. 655, are not in conflict herewith. In those cases the infliction of the injury by the running of an engine was not in dispute, the issue being whether the injured person was seen by the engineer in time to avoid the injury.

The appellant's request for a directed verdict should have been granted.

Reversed, and judgment here for the appellant.

*Reversed, and judgment here.*