Graves *v.* Gulf & S. I. R. Co.[*]

(Division A.   Nov. 15, 1926.)

[110 So. 234. No. 25693.]

1. Appeal and Error.

  Variance between declaration and proof cannot be availed of on appeal, where motion to exclude evidence and grant peremptory instruction was not based thereon.

2. PLEADING.

Under Hemingway's Code, section 559, variance between pleading and proof, which is not misleading, is immaterial, and amendment of pleading may be had.

3. MASTER AND SERVANT.

Under Federal Employers' Liability Act (U. S. Comp. St., sections 8657-8665), employee assumes only ordinary risks incident to employment, which are not attributable to employer's negligence.

4. MASTER AND SERVANT. *Negligence in operation of train and motorcar, whereby section hand was injured, held for jury (Federal Employers' Liability Act [U. S. Comp. St. sections 8657-8665]).*

In section hand's action for injuries, under Federal Employers' Liability Act (U. S. Comp. St., sections 8657-8665), railroad's negligence in operating train and motorcar carrying section employees at speed of thirty-five to forty miles per hour, or in operation of motorcar as to manner of applying brakes at time of meeting train, *held* for jury.

5. MASTER AND SERVANT. *Instruction that employee assumed risk in voluntarily jumping from motorcar meeting train held erroneous, as failing to consider circumstances making it necessary to jump.*

Instruction in employee's action, under Federal Employers' Liability Act (U. S. Comp. St. sections 8657-8665), against railroad for injuries alleged to have occurred when thrown from motorcar, when it was suddenly stopped on meeting gravel train, as to assuming risk of injuries, if he voluntarily jumped therefrom, *held* erroneous as failing to consider existing circumstances, wherein it might have appeared reasonably necessary to jump, in order to save his life.

6. MASTER AND SERVANT.

Railroad employee should not be held responsible for mistake of judgment in jumping from motorcar, if it reasonably appeared necessary to jump to save his life.

7. MASTER AND SERVANT.

Damages incident to impending collision are not assumed by employee so as to preclude recovery for injuries, under Federal Employers' Liability Act (U. S. Comp. St., sections 8657-8665), if he acted as reasonably prudent person would, under like circumstances.

8. JUDGMENT.

. Whether prior proceeding, pleaded in bar of present suit by minor railroad employee for injuries, was fraudulent or was by authority of minor, instituted and conducted in good faith, *held* for jury.

---

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, p. 771, n. 39; Judgments, 34CJ, p. 1079, n. 91; Master and Servant, 39CJ, p. 699, n. 62; p. 710, n. 39; p. 900, n. 97; p. 1160, n. 33; p. 1243, n. 48; Pleading, 31Cyc, p. 451, n. 81. On right to amend pleadings to conform to proof, see annotation in L. R. A. 1916D, 843; 21 R. C. L. 613; 3 R. C. L. Supp. 1175. As to application of defense of assumption of risk under Employers Liability Acts, see annotation in 47 L. R. A. (N. S.) 62; L. R. A. 1915C, 69, 70; 18 R. C. L. 830; 3 R. C. L. Supp. 856; 4 R. C. L. Supp. 1212; 5 R. C. L. Supp. 1004; .6 R. C. L. Supp. 1089.

APPEAL from circuit court of Covington county.

HON. W. L. CRANFORD, Judge.

Suit by Abor Graves, a minor, by his next friend, Robie Graves, against the Gulf & Ship Island Railroad Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

*E. L. Dent* and *W. U. Mounger,* for appellant.

Refused instruction No. 4 should have been granted because it merely told the jury that the plaintiff being a minor was not bound by any agreement to compromise and settle the claim, whether such agreement was with his father or with a claim agent of the railroad.

There are two manifest objections to instruction No. 2 given appellee. The first objection to this instruction is that it told the jury it was its sworn duty to find for appellee if the appellant jumped off the motor car before it stopped, after he saw the smoke of the train, and that this was true regardless of the apparent danger, or the belief of appellant that he would be run over and killed by the approaching train. The instruction is, therefore, contrary to the action of any ordinary human being, because any one situated as appellant was when he saw the approaching train certainly had a perfect

and legal right voluntarily to jump from the motor car in an effort to save his life.

Plaintiff was at the time in a very precarious position. Haste was demanded to save his life and he had no time to consider; and yet the court held in this instruction that plaintiff, a minor, must act coolly, with perfect precision and good judgment; and if he jumped when he saw the smoke of the train, before the motor car came to a stop, he, under the instruction, assumed the risk and must lose his case. See *R. R. Co.* v. *Lowe,* 73 Miss. 203.

Appellant did not assume the risk of his employment which arose from the negligence of any of the officers, agents, or employees of appellee, and if the negligence of the section foreman in running the motor car in the direction it was run at the time and place of the injury, or if his negligence in suddenly stopping the motor car contributed in whole or in part to the injury of appellant, a recovery should have been had in this case.

This instruction is condemned by the supreme court of the United States in *Norfolk S. W. R. R. Co.* v. *Earnest,* 229 U. S. 114, 33 S. Ct. 654; *Lehigh Valley R. R. Co.* v. *McGranahan,* — Fed. (2nd) 431; *Davis, Director General of Railroads,* v. *Hynde,* 4 Fed. (2nd) 42.

The record shows that the declaration in the suit in the second district of Jones county was in the name of *Abe Graves* v. *G. & S. I. R. R. Co.,* but does not show defendant to be a corporation, and the plea and judgment does not show defendant to be a corporation.  23 Cyc. pages 1243, 1527; *Carrier* v. *Powels,* 87 Miss. 599-600.

With reference to the judgment obtained in the second district of Jones county, and the turning over of the money to the father and stepmother of appellant, the case at bar is strikingly similar to *McRaney et al.* v. *N. O., etc., R. R. Co.,* 90 So. 881. The cases cited in that case *Plummer* v. *Plummer,* 37 Miss. 185; *Christian* v. *O'Neil,* 46 Miss. 669; *Richardson* v. *Brooks,* 52 Miss. 118, go to show that ''fraud vitiates everything and may be

collaterally attacked, and this applies to the judgments and decrees of all courts.''

*T. J. Wills,* for appellee.

There are two reasons why this case should never have been submitted to the jury.

I.   There was a variance between the pleadings and the proof. This variance was fatal, and the motion to exclude the evidence should have been sustained. The introduction of evidence by the defendant after this motion was overruled in no wise waived the right of the defendant to have this court pass upon the motion and no evidence was introduced that in any wise whatever tended to cure the error of the court in overruling this motion. *Drake* v. *Surget,* 36 Miss. 458; *Carter* v. *Preston & Stetson,* 51 Miss. 423; *Pierce* v. *Jarnagin,* 57 Miss. 107.

II.   The defendant was entitled to the peremptory instruction requested at the close of the case. The plaintiff was a section hand. By agreement in the pleadings the defendant was engaged in interstate commerce, and the plaintiff was so employed at the time of his injuries. The defendant pleaded assumption of risk and issue was joined in short on the affirmative defense so pleaded.

Under the Federal Employer's Liability Act, a servant assumes all the ordinary, usual, and normal risks of the business if the master has used reasonable care for his protection, and also all such other risks as he knows of, or which were so unquestionably plain and clear that he must have known of their existence and danger to the employee. *T. & P. R. R. Co.* v. *Archibald,* 170 U. D. 665; *Gila Valley R. R. Co.* v. *Hall,* 232 U. S. 94; *Black* v. *Portland Cement Co.,* 104 Va. 450, 51 S. E. 831; *Norton Coal Co.* v. *Murphy,* 108 Va. 528, 62 S. E. 268; *C.*

*& O. R. R. Co.* v. *Meadows,* 89 S. E. 244; 3 Labatt's Master and Servant, section 1189, page 3204 et seq.

It was held under the Federal Employer's Liability Act that in an action for injuries to a brakeman who fell between the cars of a freight train while it was switching at a time when there was a rough and unusual jerk of the train that the evidence was insufficient to show negligence, it not appearing that the jerk was unnecessary in the operation of the train.  *C. & O. R. R. Co.* v. *Walker's Adm.,* 167 S. W. 128.

In this case it is shown that it was very necessary that the motor car be quickly stopped and removed from the track.  There was an unexpected meeting with the gravel train, but not an unusual occurrence experienced by the section foreman, and crew in the discharge of their duty on the section.  See *Pearson* v. *G. N. R. R. Co.,* 115 Minn. 164, 131 N. W. 1084.

Appellant complains of the second instruction requested by the defendant and given by the court.  There was evidence that the plaintiff voluntarily jumped from the motor car while it was still in motion.  The surrounding circumstances show that if he had not jumped from the car, it would have come to a stop, would have been taken off the track before the train came by and without injury to him.

Appellant relies upon *McRaney* v. *N. O., etc., R. R. Co.,* 90 So. 881, to vitiate the other judgment.  This case is not in point.  The court in that case was construing a statute known as the *death statute,* section 721, Code of 1906.  It is shown that the minors at the time of the filing of the former suit were not represented by either guardian or next friend, and for that reason their rights were not and could not be determined.  The statute, section 669, Hemingway's Code, provides that minors may sue by their father and next friend.  The suit having been brought by the father and next friend, the judgment rendered thereon is binding unless there was a fraud perpetrated by the defendant upon the minor.  There

was no evidence of any fraud whatsoever in this case. However, the question of fraud was submitted to the jury and found in favor of the defendant.

, COOK, J., delivered the opinion of the court.

The appellant, who was a minor, instituted this suit, by next friend, against the Gulf & Ship Island Railroad Company, seeking to recover damages for personal injuries alleged to have been sustained by him, as a result of a collision between a motorcar, on which he was riding, and a gravel train which was being operated by said company; and, from a verdict and judgment in favor of the railroad company, this appeal was prosecuted.

The declaration charged that the appellant was employed by the appellee, as a laborer in a section crew, and was required to work under the directions and orders of the section foreman, who was in charge of said crew; that, while riding on a motorcar which was furnished by the appellee for the use of said crew in the discharge of their duties, there was a collision between said motorcar and gravel train being operated by appellee, which resulted in the motorcar being knocked from the track and onto the appellant, breaking his leg and otherwise seriously injuring him; and that such collision was the result of the negligence of the defendant railroad company in the operation of the gravel train, and the gross negligence of the section foreman in the operation of the motorcar, in ordering it to be moved in the direction of the gravel train, at the time and place of the injury.

To this declaration the appellee filed a plea of the general issue and a special plea setting up that the appellee was engaged in interstate commerce and the appellant was so employed at the time of his injury, a plea of assumption of risk, and a plea of former judgment and payment thereof as a bar to the action. By consent, it was agreed that the parties were engaged in interstate commerce at the time of the injury and that the Federal

Employers' Liability Act (U. S. Comp. St., sections 8657-8665) controls as to liability, while issue was joined on the plea of assumption of risk.   To the plea of former suit and judgment, a replication was filed denying that appellant had ever employed or authorized any attorney or other person to bring or file said suit, and averring, among other things, that he had no knowledge whatever of said suit or judgment; that the declaration therein was prepared and the case altogether conducted by the agents, attorneys, and representatives of the appellee, without the knowledge or consent of the appellant; that the declaration therein and the pleas thereto were filed on the same day by attorneys representing the appellee company, and the judgment of the court was entered on the same day; that no attorney or other person representing appellant had any right or authority to institute said suit or to agree to the entry of judgment thereon; that appellee did not pay appellant the sum of five hundred dollars, the amount of such judgment, or any other sum; that the alleged payment of five hundred dollars was made to appellant's father and mother, but nothing was ever received by appellant; and that the said suit and judgment was fraudulent and void.   To this replication a rejoinder was filed, joining issue on the matters specially pleaded therein.   On the trial of the several issues, a judgment was rendered in favor of the defendant company, and from this judgment this appeal was prosecuted.

As to the circumstances of the injury, the appellant testified that he was about eighteen years of age, was employed as a section laborer, and, at the time of the injury, was riding on a motorcar going south on the main line of the railroad; that this motorcar was being driven at the rate of about thirty-five or forty miles per hour, and that he was sitting on the front seat thereof; that, upon rounding a sharp curve, they unexpectedly came upon a gravel train running north at about the same rate of speed; that when he first saw this gravel train, it was

only thirty yards away; that, upon discovering the approach of this train, the section foreman suddenly applied the brakes on the motorcar with such force that the car was suddenly jerked and slowed down, thereby causing the appellant to be thrown in front of the car, that the car ran over him, breaking his leg and otherwise injuring him; and that the motorcar was knocked some eight or ten feet off the track by the gravel train.

For the appellee, the testimony is to the effect that the gravel train was about one thousand or twelve hundred feet away at the time it was first seen by those on the motorcar; that the appellant voluntarily jumped off in front of the motorcar while it was running, and was injured; that the motorcar was stopped and removed from the track when the gravel train was still about three hundred feet away; and that the appellant's injury was due solely to his act in voluntarily jumping off the motorcar while it was in motion.

The prior proceedings, which were pleaded in bar to the present suit, were filed in the Second district of Jones county, while the appellant resided with his parents in Covington county, and, upon the issue as to whether this suit was filed, in good faith, under the authority of the appellant, acting by and through his father, as next friend, the evidence is conflicting. The testimony for the appellant was that neither he nor his father, acting for him, had authorized any one to file such suit, and that they had no knowledge of the filing thereof or the entry of the judgment thereon, and that the appellant received no part of any payment that may have been made in settlement of such judgment. For the appellee, there was testimony that the father of appellant, acting as next friend, authorized the filing of said former suit, and the settlement thereof at an agreed sum of five hundred dollars; and that the declaration in said suit was read to and signed by the appellant's father, and the money paid to him.

Appellant assigns numerous grounds for reversal of the judgment of the court below, but we will consider only one, and that is the granting of the second instruction requested by the appellee. In response to the argument of counsel for appellant, the appellee contends that the judgment should be affirmed, regardless of any errors in the instructions, for the reason that the appellee was entitled to a peremptory instruction at the conclusion of the evidence. The grounds upon which the appellee contends that he was entitled to a peremptory instruction are first, that there was a variance between the pleadings and the proof; and, second, that appellant assumed all the usual, normal, and ordinary risks of his employment, which included the risk of meeting approaching trains and the risk of being precipitated from the cars by the sudden application of the brakes which might be necessary to avoid collisions with such trains; and that the facts, as testified by appellant, failed to show anything unusual or negligent in the operation of the motorcar, or in the manner of applying the brakes and stopping the car.

While the averment of the declaration as to the manner in which the appellant was thrown under the motorcar differs somewhat from his testimony on this point, this variance cannot here aid appellee's cause for the reason that the motion to exclude the evidence and grant the appellee a peremptory instruction was not based upon a variance in the allegations of the declaration and the proof. This variance was not such as could have misled the appellee to its prejudice in maintaining its defense, and, if the motion had been based upon such variance, the appellant would have been entitled to immediately amend his declaration to accord with the proof. Section 776, Code of 1906 (section 559, Hemingway's Code), expressly provides that:

"A variance between the allegation in a pleading and the proof shall not be deemed material, unless it shall have actually misled the adverse party to his prejudice

in maintaining his action or defense upon the merits;
and, where it shall not be shown to the satisfaction of the
court that the party has been so misled, an immediate
amendment of the pleading may be made without costs,
and without delaying the cause.''

We do not think the appellee was entitled to a peremp-
tory instruction at the conclusion of all the evidence. An
employee assumes all the ordinary and usual risks and
danger incident to the employment in which he engages,
which are not attributable to the negligence of the em-
ployer, but we think it was for the jury to determine
whether the appellee was, under all the circumstances
testified to, guilty of negligence in the operation of its
gravel train and motorcar at the speed of thirty-five to
forty miles an hour, without orders or knowledge of the
presence of such trains and cars on the track, and wheth-
er there was negligence in the operation of the motorcar,
or the manner of applying the brakes and stopping the
car.

The appellant assigns as error the granting of the
second instruction for the appellee, which reads as fol-
lows:

''The court charges the jury for the defendant that
if you believe from the evidence in this case that the
plaintiff, when he saw the smoke of the train, jumped
off the motorcar before it came to a stop, then he as
sumed the risk of the injuries that resulted from his
voluntarily jumping off, and, if his injuries were caused
by his voluntarily jumping off the motor car, then it is
your sworn duty to find for the defendant.''

We think this instruction is erroneous in at least two
respects. It told the jury that, if the plaintiff jumped
off the motorcar while it was moving, he assumed the
risk of injury, and the defendant was not liable. This
simply relieved the defendant of liability if the plaintiff
jumped off the car, without taking into consideration the
circumstances existing at the time and the causes which
might have brought about any unusual situation with

which he was confronted. The plaintiff did not assume the risks or dangers of any unusual or extraordinary situation that might arise as the direct result of the negligence of his employer, and he should not be held responsible for a mistake of judgment if he was confronted with a situation where it reasonably appeared to be necessary to jump in order to save his life. The dangers incident to the impending collision of two rapidly moving trains or cars are not the usual or ordinary dangers or risks which are assumed by the employee, and such an employee should not be deprived of recovery for injuries sustained as a result of such impending collision, if he acted at the time as a reasonably prudent person would under like conditions. This instruction fails to take into consideration the testimony of the plaintiff as to the conditions with which he was confronted at the time of his injury, and we think the granting of this instruction was prejudicial error.

We think the court below was correct in submitting to the jury the question as to whether the prior proceedings, which were pleaded in bar of the present suit, were fraudulent or were instituted and conducted, in good faith, under the authority of the appellant, acting through his father as next friend. Upon this point, the case of _McCraney_ v. _Railroad Co._, 128 Miss. 248, 90 So. 881, is not controlling. That case was based upon section 501, Hemingway's Code, the statute on actions for injury producing death, which provides, among other things, that such an action may be brought in the name of certain beneficiaries for the benefit of others named, or all parties interested may join in the suit, and that there shall be but one suit which shall inure to the benefit of all the parties concerned, but that "the determination of such suit shall not bar another action unless it be decided on its merits." To the plea setting up a prior suit and judgment in that case, a replication was filed alleging fraud in the institution and prosecution of said prior suit, and that it was not tried on its merits. A demurrer

was sustained to this replication, and, on appeal, it was simply held that it was error to sustain a demurrer to this replication which distinctly alleged fraud.

The judgment of the court below will be reversed and the case remanded.

*Reversed and remanded.*