## JULIA SUDBERRY *v*. MERIDIAN FERTILIZER FACTORY.

[64 South. 723.]

1. DEATH. *Former recovery. Conclusiveness. Judgment by agreement. Laws 1908, chapter 167.*

Under Laws 1908, chapter 167 providing that the determination of a suit for the death of a person shall not bar another action, unless it was decided on its own merits, in order to conclude all the parties in interest there must be a decision, a judicial determination of the case on its merits, not merely on agreed judgment by one of the parties in interest for a fixed sum totally insufficient to pay for the killing.

2. SAME.

Where the defendant is liable and the amount of the agreed judgment is totally inadequate, it raises a suspicion, or at least an inference that the merits of the controversy formed no part of the decision of the court.

APPEAL from the circuit court of Lauderdale county. HON. JNO. L. BUCKLY, Judge.

Suit by Julia Sudberry and others against the Meridian Fertilizer Factory. From an order sustaining defendant's demurrer to the replication, the plaintiffs appeal.

The facts are fully stated in the opinion of the court.

*Fewell & Cameron*, for appellants.

We are perfectly aware of the holding of the court in several cases to the effect that the decision of a court of competent jurisdiction upon the merits precludes all parties in interest.

Nowhere does the court hold that a judgment procured by fraud or a judgment not "upon the merits" precludes another suit for the same death. We think that the replication sufficiently sets up fraud sufficient to overcome the force of the judgment. We think, also, that the judg-

ment set up here in bar is not a suit for the death of the deceased.

"The statute, Acts of 1908, chapter 167, page 183, provides that the suit may be brought in the name of the widow, etc., by the parent for the death of a child, etc., or all parties interested may join in the suit, and there shall be put one suit for the same death, which shall enure to the benefit of all parties concerned, but the determination of such suit shall not bar another action unless it be decided on its merits, etc. . . . In such action the party or parties suing shall recover such damages as the jury may determine to be just, taking into consideration all the damages of every kind to any and all parties interested in the suit . . . Damages recovered under the provisions of this section shall be equally distributed to the father, mother, brothers and sisters, etc.

The judgment of the justice court shows conclusively that the suit was not based upon any claim for wrongful death but to the contrary it clearly shows that the suit is based upon an alleged agreement to settle and is for a fixed amount and the statement of the cause of action itself, the last paragraph thereof, recites: "That the said defendant, the Meridian Fertilizer Factory, has confessed liability on account of the damages so sustained by them as the result of the death of the said William Sudberry, Jr., occasioned as aforesaid, in the sum of two hundred dollars; but notwithstanding its confession of liability to said amount, the said defendant has not paid to the plaintiffs said sum. Wherefore the plaintiffs sue and demand judgment against the said Meridian Fertilizer Factory in the said sum of two hundred dollars together with costs of suit."

Why did learned counsel think it necessary to institute suit on the settlement? The pleadings show that the settlement or agreement was made with William Sudberry, Sr., father of deceased, who by the way is not a party to this suit. If this judgment was good then a

settlement with the father out of court was good without suit, and the father would have gotten the proceeds of the settlement without regard to the statute and the jury, or court, would not regard the command of the statute to assess the damages of all parties interested.

Learned counsel were astute enough to recognize the fact that a judgment sounding in damages on an unliquidated claim without a writ of inquiry or evidence heard to fix the amount would have been absolutely void as held by our supreme court in the cases of *Miss. Cent. Ry. Co.* v. *Fort,* 44 Miss. 423; *Evans* v. *Railroad,* 74 Miss. 230; *Beasley* v. *Railroad,* 91 Miss. 268.

So to get around these decisions, which we give counsel credit for knowledge of, the suit was not based on any claim for the death of William Sudberry, Jr., but based exclusively upon an agreed settlement had between counsel representing an insurance company and the father of the deceased.

The suit in the justice court was filed on the 23rd day of December, 1908; process executed upon defendant's president on the same day and on the 28th day of December, 1908, we find this judgment: "This cause coming on this day for trial, came the plaintiffs and prosecute this suit, and the defendant being called, came not, but wholly made default, it is therefore considered by the court, etc."

And we find that attorneys for the defendant (also attorneys for the Insurance Company) on the 2nd day of January, 1909, pay over unto the court the sum of two hundred and two dollars and fifteen cents before the five days allowed by statute for appeals had expired.

And yet it is said that this judgment taken in this way and upon this statement of the account is a complete bar to the plaintiffs (appellants) in this action.

Is it possible that this court will concur in this holding in the face of the facts set up in the replication to defendant's special plea and admitted by the demurrer

of defendant in the face of the statute (Acts 1908, chapter 167).

To hold this in our humble judgment will be tantamount to reading out of the acts that part of same underscored in our reference to same heretofore made and would be in direct opposition to the intention of the legislature, therein expressed, to save to the interested parties their rights until taken from them by a determination of a suit brought for recovery of damages arising under the statute ''decided on its merits.''

We are unable to cite the court to any holding of any court directly upon the meaning of this phrase as applied to the facts of this case. The only authorities near to settling this question is the quotation from page 609 of 20 Am. & Eng. Ency. Law as follows: ''Hearing upon the merits. Under the statute 24 and 25 Vict., ch. 100, sec. 44, a certificate of a dismissal by a magistrate of a charge of assault could be granted only where there had been a hearing ''upon the merits'' and both parties had attended before the magistrate and there had been a proper inquiry into the facts of the case, etc.

And 2 Words and Phrases: ''A decision upon the merits'' is a decision upon the justice of the case, and not upon technical grounds only. A ''nonsuit'' is not a judgment or the full determination of a cause on the merits, etc.

The act further appears to us to have been drawn upon the idea that it was necessary that a jury should fix the damages because it says: ''The parties suing shall recover such damages as the jury may determine, etc., taking into consideration all the damages of every kind to the decedent and all parties concerned, etc.

There was no writ of inquiry in this case and the judgment of the justice court conclusively shows that the judgment was entered by default and was based upon the agreed settlement; otherwise the judgment is absolutely void.

*Amis & Dunn,* for appellees.

In December, 1908, William Sudberry, a son of one of the plaintiffs and the brother of the other plaintiffs, sustained injuries while employed by the defendant, which resulted in his death. Therefore, William Sudberry, Sr., father of the deceased, brought suit in his own name and in the name of his minor children, as next friend, also in the name of the mother of the deceased, against the defendant, to recover the damages sustained by them as the result of the death of the said William Sudberry, Jr. The suit was prosecuted to judgment and the judgment paid by the defendant. Four years afterwards the mother and brothers and sisters brought the present suit to recover damages resulting from the same injury and death, and contend that they are not precluded by the former suit, for the reason the brothers and sisters were joined as plaintiffs by their father without their consent, and that the mother was joined as a plaintiff in the suit without her authority and against her protest, and that they did not receive any benefit for said suit.

The foregoing being substantially all of the facts which are alleged in the declaration and in the replication of the plaintiffs to the special plea filed by the defendant, we insist do not sustain the conclusion of the pleader that the former suit was instituted and prosecuted to final judgment without authority of law, and that as to the plaintiffs the suit was fraudulently instituted. That William Sudberry, Sr., the father of the deceased, had the legal right to bring the suit without the consent, and even in the face of the protest of Julia Sudberry and of his children, is not open to disputation. Such right has been conclusively settled by this court. *Pickens* v. *Railroad Company,* 92 Miss. 210; *Fister* v. *Hicks,* 93 Miss. 219.

The distinction the appellants undertake to draw between the judgment rendered in the suit brought by the father and a "judgment on the merits" as contemplated

by the statute under which the suit was brought, is too refined for practical purposes. This court said in the case of *Pickens* v. *Railroad Company*, 92 Miss. 217: "It is apparent from the statute cited that there can be but one cause of action for any injury producing death of any party. This statute was enacted for the purpose of uniting in one suit all causes of action which might have heretofore existed for any injury whereby the death of the party was produced. Whatever may have been the common-law rule upon this subject, this is now the rule in this state under the statute and section above quoted."

That the suit brought by the father was to recover damages resulting from the death of his son is manifest, and the right to maintain the action for such damages was conferred by the statute and the statutory right was, as above stated by the court, exclusive. The fact that the defendant had confessed liability for such death, did not change the character of the claim or liability. The right of action and the liability were essentially the same, and were in nowise changed by a confession of the liability. The only effect of the confession of liability was to relieve the plaintiff of the necessity of proof and had no effect whatever on the character of the liability. The cause of action remained the same.

The present suit is a collateral attack upon the judgment rendered in the former suit, and we confidently affirm that the same cannot be maintained for that reason. In 23 Cyc., at page 1057, it is stated: "The rule against collateral attack applies to judgments entered upon confession, either in open court or under warrant of attorney, and also to such as are rendered by consent of parties, as the result of a compromise or settlement," and authorities noted.

And at page 1058 of the same volume, we find this text: "A judgment entered by default, the court having jurisdiction, is as conclusive against collateral impeachment as any other form of judgment," citing many authori-

ties.　The judgment which was rendered by the justice of the peace court in the former suit was essentially one upon the merits.　We find the following definition of a "judgment upon the merits."　"In practice, a matter of substance, as distinguished from matter of form; the real or substantial grounds of action or defense, in contradistinction of some technical or collateral matter raised in the course of the suit."　27 Cyc. 483.

"As used by the profession when applied to actions, the terms usually denote the subject or grounds of an action as stated in the complaint, or the grounds of the defense as stated in the answer."　*Bolton* v. *Donavan,* 84 N. W. 357.

"The word 'merits' naturally bears the sense of including all that the party may claim of right in reference to his case."　*Bolin* v. *Southern Railroad Company,* 43 S. E. 665.

Again we find the term defined in 15 Am. & Eng. Ency. of Law (1 Ed.), page 370, as follows:　"The term 'merits' has been defined as meaning the strict legal rights of the parties as contradistinguished from those mere questions of practice which every court regulates for itself, and from all matters which depend upon the discretion or favor of the court.　A matter of substance in law, as distinguished from matter in form.　Its meaning has been restricted so as to relate only to the subject-matter of the litigation, and not to mere matters of practice, which cannot affect that, whether regulated by statute or not."

Here was a suit to recover damages authorized by a statute to be brought by the father of his deceased son. Only one cause of action existed as held in the Perkin's case, *supra.*

A judgment of a court of competent jurisdiction was rendered in favor of a person who had the legal right under the statute, giving the cause of action, to bring suit, and we submit that in view of the foregoing authori-

ties, that the judgment rendered was one upon the merits of the cause and is not open to collateral attack.

COOK, J., delivered the opinion of the court.

Appellants sued appellee for negligently causing the death of William Sudberry, the minor son of one of the plaintiffs, the brother of the others. Defendant, appellee here, interposed the plea of not guilty, and also filed a special plea in bar, which plea avers that the plaintiffs and Wm. Sudberry, Sr., father of the deceased, had, before the institution of this suit, filed an action for the same cause of action before a justice of the peace, that final judgment was rendered in that suit against appellee, and that the judgment had been satisfied. To this plea in bar appellants replied by saying the suit in the justice court was instituted without authority from them; that Wm. Sudberry, Sr., was notified by Julia Sudberry, one of plaintiffs, and mother of the others, not to make any settlement or institute suit for or on behalf of herself or children; that the said suit was a fraud upon their rights; and that same was begun by William Sudberry at the instance of an accident insurance company, which company carried for the defendant a policy of insurance on the lives of the employees of defendant, indemnifying defendant against the injury or death of its employees caused by the negligence of defendant. In short, the plea states that the suit in question was filed and conducted by the insurance company upon an agreement made beforehand that defendant would admit liability for two hundred dollars, and that the plaintiff was to get this sum by obtaining an agreed judgment for that amount against defendant. The record snows that a judgment by default was entered for the amount, and same was paid by defendant. Defendant demurred to this replication, and the demurrer was sustained by the court.

The demurrer admits that the judgment pleaded in bar was obtained by Wm. Sudberry, Sr., by agreement with

the insurance company and defendant. The amount to be recovered was agreed on before the suit was filed. This settlement was made without the knowledge or consent of plaintiffs in this suit.

Chapter 167, Laws 1908, provides how and by whom actions of the sort here involved may be brought, in these words: "The action for such damages may be brought in the name of the widow, for the death of her husband, or by the husband for the death of the wife, or by the parent for the death of a child, or in the name of a child for the death of a parent, or by a brother for the death of a sister, or by a sister for the death of a brother, or by a sister for the death of a sister, or a brother for the death of a brother, or all parties interested may join in the suit, and there shall be but one suit for the same death which shall inure for the benefit of all parties concerned, *but the determination of such suit shall not bar another action unless it be decided on its merits.* In such action the party or parties suing shall recover such damages as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind to any and all parties interested in the suit."

Any one of the relatives mentioned may file the suit, "or all parties interested may join in the suit, . . . . but the *determination* of such suit shall not bar another action unless it be *decided* on its merits."

The legislature seems to have thought it was sometimes difficult to find all of the parties interested in cases of this kind, and for this reason, or for the reason that all parties interested may not agree to sue, the right to sue was given to any one of the parties mentioned, such suit to conclude all others, *provided,* the suit was decided upon its merits.

The engineers of the justice court proceedings were evidently aware of the necessity for having the judgment of a court upon which to base a plea of *res judicata,* and

it appears, from the averments of the replication, old man Sudberry, the insurance company, and the fertilizer factory unanimously agreed to have a suit filed for a specific sum, previously agreed upon, a failure of the defendant to appear and contest the suit, followed by a judgment for the sum already fixed. This was the plan pursued, if the replication is to be taken as true.

Was the judgment obtained in this way such judgment on the merits as will serve to bar this action?

It is unnecessary to reach the conclusion that any actual fraud was intended in order to condemn the proceedings in question. If the statute is designed to protect the interest of all parties, and to this end requires a judicial determination of the rights of absent relatives, the judgment pleaded will not bar this action.

It is believed that it was the purpose of the legislature to prevent a multiplicity of suits, and to insure a square deal to all interested parties not participating in the trial of the case.

One can sue for and conclude all; but to conclude all there must be a decision—a judicial determination of the case on its merits—not merely an agreed judgment for a fixed sum absolutely insufficient to pay for killing a boy eighteen years of age.

If the defendant was liable at all, the amount of the judgment is so ridiculously inadequate as to raise a just suspicion of collusion, or, at least, an inference that the merits of the controversy formed no part of the decision of the court.

It is evident, if the replication states the facts, the merits were not considered, from whatever standpoint the question may be viewed. The plaintiff either had no cause of complaint, or the judgment was a compromise between old man Sudberry and the defendant, without regard to the merits; and in either event, the statute is not satisfied.

The statute, we believe, was designed to prevent one interested party from agreeing upon and collecting a sum

of money, satisfactory to him, but not at all satisfactory to others, or to the merits of the case. The statute seems to contemplate a jury trial, and it was not believed that the price of a human life would ever be fixed within the jurisdiction of a justice of the peace. Be that as it may, it is our opinion that the judgment rendered by the justice of the peace is not a bar to this action.

It is difficult to conceive that any court could decide this case on its merits and give judgment for two hundred dollars, for the wrongful killing of a boy—a sum less than the market price of a good mule.

It may be suggested that the justice of the peace rendered judgment for the full amount sued for; but this fact serves only to make clearer the averments of the replication.

The trial court should have overruled the demurrer, because, if the replication states the facts, there is no escape from the conclusion that the judgment pleaded in bar of this action was not such a judicial determination of the merits as is required by the statute.

*Reversed and remanded.*