McCraney et al. *v.* New Orleans & N. E. R. Co.

[90 South. 881, In Banc. No. 22198.]

Judgment. *Judgment may be collaterally attacked at law and in equity where obtained by fraud; sustaining demurrer to replication to special plea setting up former judgment as obtained by fraud held error.*

A judgment obtained by fraud is void, and may be attacked collaterally both at law and in equity; and it is error to sustain a demurrer to a replication to a special plea setting up a former judgment reciting a trial on the merits by a jury, where the replication to such plea sets up facts showing that such judgment was obtained by fraud, in that such suit was filed and judgment obtained without the knowledge of the plaintiff in the former suit or the parties in interest, and that no trial was had and no one authorized to sue had any knowledge of the suit or the said judgment.

Sykes and Cook, JJ., dissenting.

APPEAL from circuit court of Jones county.

Hon. R. S. Hall, Circuit Judge.

Suit by Fred B. McCraney and others, by their next friend, Mrs. Mamie McCraney, against the New Orleans & Northeastern Railroad Company for damages for the wrongful death of Travis McCraney. From a judgment of dismissal the plaintiffs appeal. Reversed and remanded.

*W. J. Pack,* for appellant.

The action of the court in sustaining the demurrer of appellee to the replication is assigned as error. It will be noted that this replication avers that the former judgment was not a determination of said suit on the merits; that these plaintiffs were not represented at said trial by next friend, and in fact were not represented at all, neither was their mother; and that the declaration was prepared and filed by defendant's attorney, who was unauthorized to appear for plaintiffs or for their mother; and that each and every step taken in said suit was made altogether by the defendant; no testimony was presented to the court, and that the mother of these plaintiffs did not know anything about the filing of a suit. The replication further shows that the claim agent for the railroad at the time of the alleged settlement and payment to her one one thousand five hundred dollars represented to Mrs. McCraney that he was asking her to sign a paper showing that she got the money.

The demurrer admits the truth of all these facts set up in the replication, then how could it be held, we respectfully submit, that there has been such a trial and a judgment entered, as provided for by chapter 167, Laws of 1908, as amended by the Laws of 1914, chapter 214, being now section 501 of Hemingway's Code?   Before a judgment can be plead in bar of a subsequent action for a death under this section, such judgment must be obtained in a trial upon the merits.   In the case of *Sudberry et al.* v. *The Meridian Fertilizer Factory,* 64 So. 723, 106 Miss. 744, this section is set out in the opinion of the court and presumably in order that the bar might understand the interpretation by the court, the clause, "But the determination of such suit shall not bar another action unless it be tried on its merits," was italicised.   No two cases could be more nearly alike on their facts than the *Sudberry case, supra,* and this case.   In the former, the father had undertaken to have a judgment rendered, the defendant or insurance company acting for the defendant, taking charge of the litigation and having judgment rendered.   In the latter the mother agreed to accept one thousand five hundred dollars and the railroad's attorney took charge of the law suit, prepared the declaration, marked it filed in his own hand writing, entered the plea for the railroad, and drew the judgment, all the time these plaintiffs being in complete ignorance of the same and even the mother not knowing that a suit was to be filed.   As was well said in the Sudberry case, this statute was designed to prevent one interested party from agreeing upon and collecting a sum of money satisfactory to him, but not at all satisfactory to others or to the merits of the case.   The statute seems to contemplate a jury trial.   There has been no jury trial in this case.   There has been no judgment satisfactory to the plaintiffs and there has been no suit determined upon the merits.

A judgment procured by collusion or a fraudulent arrangement between the parties of record, cannot be plead as a bar to another suit.   2 Black on Judgments, section

681-a. In the case of the *Tennessee Coal & Iron Railroad Company* v. *Hayes,* 12 So. 98 (Alabama), the plaintiff, a minor, was injured and his father, as next friend, settled with the defendant for a nominal sum and in an effort to make the settlement binding, agreed that suit should be filed and the judgment entered. This judgment recited that evidence was taken, etc. To the plea of *res adjudicata.* the plaintiff filed a replication setting up the fact as to how the former judgment was rendered. The trial court permitted the case to go to the jury, plaintiff recovered, and the judgment was affirmed. See, also, *Town of Andes* v. *Ely,* 158 U. S. 312, 39 Law Ed. 996.

"It is true that no actual fraud is charged in the replication against counsel representing the railroad, and with the high regard and love we have for our brother Bozeman, we cannot conceive of his knowingly committing a fraud on any person but, if his acts amount to constructive fraud, coupled with the actual fraud charged on the part of the claim agent, this, in itself, would vitiate the judgment relied upon. But we insist that independent of whether there was any fraud shown in the replication, it does show conclusively, that there was no trial upon the merits of the controversy, and that therefore it could not be plead as a bar to this action."

The appellants therefore respectfully submit that this case should be reversed and remanded.

*Bozeman & Cameron,* for appellees.

The rule is too well settled to require argument, by the decisions of this court and, we assume by the decisions of all courts of civilized countries, that every presumption is to be indulged in favor of the record of a court of general jurisdiction and it cannot be controverted in a collateral proceeding; and that every presumption is to be indulged in favor of the jurisdiction of courts of record and that their recitals are *prima-facie* true and they cannot be questioned in a collateral proceeding; and that a

judgment imports verity. It is conclusive in its character and admits of no question. Every presumption is indulged in favor of its correctness and validity. We make bold to list some of the decisions of this court adhering to this rule: *Martin* v. *Miller,* 103 Miss. 754, 60 So. 772; *Sweatman* v. *Dean,* 86 Miss. 641; *Moore* v. *Ware,* 51 Miss. 206; *Cannon* v. *Cooper,* 39 Miss. 784; *Vicksburg Co.* v. *Brennon,* 20 So. 845; *Sixley* v. *Summers,* 57 Miss. 712.

Appellant relies very largely on the case of *Sudberry* v. *Meridian Fertilizer Factory,* 106 Miss. 744, 64 So. 723, which case, we submit, is readily distinguishable from the case at bar. We have been unable to get the original papers in this case, but upon referring to the brief of counsel for appellants, we find the statement made that the judgment of the justice courts shows conclusively that the suit was not based upon that claim for wrongful death, but to the contrary it clearly shows that the suit is based upon an alleged agreement to settle, etc.

Further in this same brief we find the following quotation from the declaration filed by the plaintiff in the original suit in the justice court: "That the said defendant, the Meridian Fertilizer Factory has confessed liability on account of the damages so sustained by them as the result of the death of the said William Sudberry, Jr., occasioned as aforesaid in the sum of two hundred dollars." But notwithstanding its confession of liability to said amount, the said defendant has not paid to the plaintiffs said sum. Wherefore the plaintiffs sue and demand judgment against the Meridian Fertilizer Factory, in the sum of two hundred dollars together with costs of suit.

It is evident therefore that the record of the suit in the justice court showed on its face, that there had been an agreement on the merits, of the case adjudicated between parties and that the suit was brought merely for the purpose of making a court record of the agreement referred to in the declaration. Nor does the judgment, as we understand the record in that case attempt to recite that there was any adjudication of the liability or the amount there-

of or that there was any trial whatever on the merits.

With the record in this shape, the plaintiff filed a replication, setting up in vigorous and certain terms that the whole matter was the product of fraud from the first action through the rendition of the judgment. This replication was amply borne out, by the record in the case.

The case before the court now is entirely different. Here a suit, regular in every way, was filed in a court of competent jurisdiction; there the forum selected for a decision involving the death of a human being, was the lowly justice of the peace court, a fact of record which establishes without the assistance of evidence, the facts set up in plaintiff's replication.

As stated, however, all this seems beside the mark. The court has before it a judgment perfectly valid on its face, rendered nearly ten years ago, by a court of competent jurisdiction. To hold such a judgment voidable by the allegation or proof of the facts as alleged in this replication would be to unsettle on a slight pretext, the judgment of our courts on which rests in consideration degree, the proper functioning of our government and the respect of the people for it.

The court below gave effect to these considerations and upheld its own judgment rendered at a former term and we respectfully submit that on the showing made, this court should not put the stamp of disapproval on its actions.

ETHRIDGE, J., delivered the opinion of the court.

The appellants through their next friend brought suit against the appellee for the death of their father, Travis McCraney, alleging that he was killed by the defendant wrongfully on the 29th day of March, 1912; that at the time of his death his age was thirty-nine years, and that by reason of his death through the negligence of the appellee they had been deprived of the support, comfort, help, and companionship of the father, and demanded judgment

in the sum of three thousand dollars.    The defendant pleaded the general issue, and also filed a special plea in the following words:

"And for further plea in this behalf the defendant says that this action ought not to be maintained, because it says that heretofore Mrs. Mamie McCraney, widow of said Travis McCraney, deceased, and mother of the plaintiffs, impleaded this defendant in this honorable court to the June term, 1912, thereof, in a certain plea of trespass on the case for the same cause of action involved in this case, to wit, for the injury and death of said Travis McCraney, in that certain cause numbered 217, styled *Mrs. Mamie Mc-Craney* v. *New Orleans & Northwestern Railroad Company*, said suit being brought for the benefit of the said Mrs. Mamie McCraney, widow, and the children of said Travis McCraney, deceased, the plaintiffs in this suit; and such proceedings were thereupon had in that plea that afterward, at the said June term, 1912, of this honorable court, by the consideration and judgment of this honorable court, the said plaintiff, Mrs. Mamie McCraney, for the benefit of herself and all the parties in interest, recovered against this defendant for the death of said Travis McCraney damages in the amount of one thousand five hundred dollars, as well as all costs of court, as by the record thereof still remaining in this honorable court more fully appears. Copies of the declaration, plea, and judgment in said cause are filed herewith as parts hereof, marked Exhibits 1, 2, and 3.    And this the defendant is ready to verify."

As an exhibit to this plea they filed a declaration in the said suit which was filed by Mrs. Mamie McCraney, the widow of Travis McCraney, and the mother of these plaintiffs in the present suit.    The original declaration made exhibit to the plea above set out in the present suit alleged that Travis McCraney left surviving him as his only heirs the plaintiff, his widow, and certain named children, who are the present litigants, and alleged that by reason of the death of Travis McCraney the plaintiff and her children had been deprived of support and maintenance

of said Travis McCraney, "wherefore, the plaintiff sues, for the benefit of herself and her said children, and demands judgment of the defendant railroad company for the sum of one thousand five hundred dollars and costs of court." As a second exhibit to the special plea in the present suit is a plea of general issue in the original suit as follows:

"And the defendant, by its attorney, comes and defends the wrong and injury when, etc., and says that it is not guilty of the said supposed grievances above laid to its charge, or any or either of them or any part thereof, in manner and form as the plaintiff hath above complained against it. And of this it puts itself upon the country."

To the special plea of defendant in the present suit, above set out, plaintiffs filed a replication in which they allege that the former judgment should not bar these plaintiffs because said suit was not tried on its merits; that the declaration in said cause was prepared by the attorney representing the defendant, marked filed in his handwriting, and upon the same date of the filing of said declaration; that the said defendant's attorney filed a pretended plea of the general issue, and thereupon procured the entrance of a judgment in favor of one Mrs. Mamie McCraney, the mother of these plaintiffs; but that there was no trial whatever upon the merits of said suit, no testimony was presented to the court, and that the said Mrs. Mamie McCraney, the mother of these plaintiffs, nor none of these plaintiffs, knew anything about the filing of said suit and the procurement of said order. They further alleged that they were minors at the time of the filing of the former suit, and were not represented by either a guardian or next friend, and that their rights were not and could not be determined. They further alleged that the appearance of said attorney for the plaintiffs, who was also attorney for the defendant, was unauthorized, and that the said attorney had no right to file, or attempt to file, a declaration and take an order that would preclude the rights of the plaintiffs; that the amount paid to Mrs. Mamie McCraney,

to-wit, one thousand five hundred dollars, was grossly and ridiculously inadequate compensation for the death of their said father. They further allege that a certain claim agent for the defendant railroad company induced Mrs. Mamie McCraney to accept one thousand, five hundred dollars for the negligent killing of their said father, and that the said claim agent never at any time told or represented to the said Mrs. Mamie McCraney that suit would be filed, or that it would be necessary to file a suit so as to bind or attempt to bind the plaintiffs, and that the said claim agent for the defendant railroad company at the time of the payment of the one thousand five hundred dollars presented Mrs. Mamie McCraney with what she thought and what the said claim agent told her was a showing that the one thousand five hundred dollars had been paid to her, and upon such representation by the said claim agent she signed her name to the document which the defendant now claims was a declaration filed in the circuit court.

The replication was demurred to and the demurrer sustained, plaintiffs declined to plead further, and the suit was dismissed, from which judgment this appeal was prosecuted. In our opinion the sustaining of the demurrer to the replication was error. If the allegations of the replication are true, fraud was perpetrated on these plaintiffs, no suit was authorized to be brought, no evidence was offered, no trial was had, and the whole proceeding was void.

The statute on actions for injuries producing death (section 721, Code of 1906), as amended by the Laws of 1908, chapter 167 (Hemingway's Code, section 501), provides that in case of death by wrongful or negligent act, etc., the action for damages may be brought in the name of the personal representative of the deceased person, for the benefit of all persons entitled under the law to recover, or by the widow for the death of her husband, or by the husband for the death of his wife, or by the parent for the death of a child, or in the name of a child for the death of a parent, or by a brother for the death of a sister, or by a

sister for the death of a brother, or by a sister for the death of a sister, or by a brother for the death of a brother, or all parties interested may join in the suit, and there shall be but one suit for the same death which shall ensue for the benefit of all parties concerned, but the determination of such suit shall not bar another action unless it be decided on its merits.

In the present case the recitals of the judgment are:

"The issue being joined, comes a jury of good and lawful men, . . . who, having heard the evidence and the instructions of the court, retired to consider their verdict, and presently returned into open court the following verdict," reciting the verdict for a given sum, followed by a judgment therefor.

In the opinion of a majority of the court this is different from the case of *Sudberry* v. *Meridian Fertilizer Factory,* 106 Miss. 744, 64 So. 723, in which case the judgment pleaded as *res judicata* showed on its face that it was a default judgment. In the present case the judgment recites that the jury heard the evidence and instructions and returned a verdict, upon which judgment was entered.

It is not necessary in the present appeal to decide what effect it would have on the judgment rendered in the first suit, if it were shown that it was filed by the consent of authority of the widow, if it was not in fact tried on its merits by the jury.

The replication to the plea distinctly alleges fraud. It alleges that neither their mother nor themselves authorized such suit to be filed or knew anything of such suit having been filed; that it was filed and judgment taken by the attorney for the defendant without their authority. It is further alleged that the claim agent represented that the document signed by Mrs. McCraney was merely a document to show payment.

It is well settled in this state that judgments and decrees procured by fraud are void both in equity and at law. In *Plummer* v. *Plummer,* 37 Miss. 185, it is stated in the first syllabus:

128 Miss.—17

"A decree obtained by fraud is void both at law and equity, and may be so treated in any collateral proceeding in either forum; and hence the husband may, in a suit to recover property in the possession of the wife's vendee, show that a decree obtained by the wife against him for a divorce *a vinculo,* and adjudging the property to be hers, was obtained by fraud; and upon establishing his title, and the fraud in the decree, he will be entitled to recover without proceeding directly to annul the decree."

In *Christian* v. *O'Neal,* 46 Miss. 669, in the second syllabus it is stated: "It is admissible to attack judicial proceedings for fraud, and parol evidence is admissible to prove it."

At the bottom of page 672 of 46 Miss. the court said: "It is legitimate and admissible to attack judicial proceedings for fraud. Parol evidence may be received, to establish any fact, or series of facts, tending to show that judicial proceedings have been abused, and perverted to an improper use, to defeat the rights of the contestant."

In *Richardson* v. *Brooks,* 52 Miss. 118, it is said at page 125: "Fraud vitiates everything, and may be collaterally attacked, and this applies to the judgments and decrees of all courts."

We are therefore of the opinion that the court erred in sustaining the demurrer to the replication to the special plea of the defendant, and the judgment will be reversed, and the case remanded.

*Reversed and remanded.*

SYKES and COOK, JJ., dissenting.