KEANUM *et al. v.* SOUTHERN RY. CO.*

(Division A.   Dec. 10, 1928.)

[119 So. 301.   No. 27213.]

*Corpus Juris-Cyc. References: Compromise and Settlement, 12CJ, section 75, p. 363, n. 15; Executors and Administrators, 23CJ, section 457, p. 1201, n. 47; Judgments, 34CJ, section 738, p. 470, n. 44; section 781, p. 495, n. 5; section 1194, p. 776, n. 72.

*J. A. Cunningham,* for appellants.

*Ely B. Mitchell,* for appellee.

786

Argued orally by *Ely B. Mitchell*, for appellee.

Cook, J. The appellants, Oma Lea Keanum and Elbert Keanum, minors, suing by their guardian and next

friend, Charley Lawson, instituted this suit in the circuit court of Tishomingo county against the Southern Railway Company, seeking to recover damages for the death of their father, Tilden H. Keanum, which was alleged to have been the result of injuries received by him on account of the negligent operation of appellee's freight train through the incorporated town of Burnsville, Miss.

To the declaration, the appellee filed special pleas which it denominated "pleas of *res adjudicata*," in which pleas it was alleged that the duly appointed and qualified administratrix of the estate of Tilden H. Keanum, deceased, had previously filed a petition in the chancery court of Tishomingo county, seeking authority to compromise and settle the claim for damages for the death of the said Tilden H. Keanum at and for the sum of one thousand dollars; that, upon proof offered in support of this petition, the chancery court granted a decree authorizing the said administratrix to compromise and settle said claim for the sum of one thousand dollars; and that, in pursuance of such authority, the said administratrix received from the appellee the sum of one thousand dollars in full compromise and settlement of all liability for the death of the said Tilden H. Keanum, and executed to appellee a full and complete release of all claims or demands based upon the injury and death of the said Keanum. As exhibits to these pleas, there were filed copies of the proceedings appointing the administratrix of the estate of decedent, copies of the proceedings in the chancery court seeking authority to settle the claim for the death of the decedent, including the decree authorizing such settlement, and also a copy of the voucher for one thousand dollars paid to the administratrix, and a copy of the release executed by said administratrix.

To these pleas in bar the appellants filed replications, alleging that the decree of the chancery court authoriz-

ing the settlement of the claim against the appellee was procured by collusion between the said administratrix and the claim agent, attorneys and officers of the appellee company; that the appointment of the said administratrix was collusive and fraudulent, and was not made to administer said estate and handle said cause of action in good faith on behalf of the heirs and beneficiaries, but, on the contrary, was made as a result of active collusion between said administratrix and representatives of the appellee, for the purpose of protecting the interest of appellee; that the said administratrix was represented and advised only by the attorney for the appellee; that the administratrix and agents of the appellee colluded and conspired together to conceal from the chancery court the real merits of the case, and the extent of the injury to, and sufferings of, the decedent; that, by collusion between the administratrix and agents of appellee, the facts were grossly misrepresented to the chancery court; and that the decree authorizing the settlement and the release executed in pursuance of such authority were procured by such collusion and fraud, and were therefore invalid, and constituted no defense to the cause of action.

The appellee filed a motion to strike these replications, which the court below appears to have treated as a demurrer, and this motion was sustained. The appellants declined to plead further, and a final judgment was entered for the defendant railroad company, and from this judgment this appeal was prosecuted.

Throughout this record and the briefs of counsel the special pleas filed in this cause are referred to as "pleas of *res adjudicata*," and the proceedings in the chancery court which resulted in a decree authorizing the compromise and settlement of the right of action are referred to as "a trial of the merits of the cause of action;" but these proceedings are in no proper sense a trial of the merits of the cause, which may be pleaded in

bar of a subsequent suit on the same cause of action. In the case of *Gunter* v. *Henderson Molpus Co.* (Miss.), 115 So. 720, it was held that the chancery court may authorize and empower a guardian to compromise and settle a minor ward's claim or right of action for damages; but it is the consummation of said compromise and settlement and the release executed as evidence thereof that will bar a subsequent suit.

In the replications to the special pleas filed in the case at bar, the proceedings in the chancery court appointing the administratrix and the proceedings to secure the decree of the chancery court authorizing the compromise and settlement of the cause of action against the appellee are referred to and set forth somewhat in detail, while copies of the entire records in these proceedings, as well as the release executed in consummation of said compromise, are filed as exhibits to, and as a part of, said replications. These replications specifically charge collusion and fraud in the institution and prosecution of these proceedings in the chancery court, and in the consummation of the compromise and the execution of the release, and we are of the opinion that these allegations of collusion and fraud are sufficiently definite to require an answer, and, if established, to avoid the decree authorizing the settlement, and the release executed in consummation thereof.

In order for the release executed by the administratrix to be valid, it must be based upon a valid decree of the chancery court authorizing the compromise and settlement afterwards consummated by the execution of such release; and that it is permissible to attack judicial proceedings for fraud, and establish such fraud by parol evidence, is well settled in this state. *McCraney* v. *New Orleans & N. E. R. Co.*, 128 Miss. 248, 90 So. 881, and authorities there cited.

For the error of the court below in sustaining the motion to strike the replications to the special pleas, the

790

judgment of the lower court will be reversed, and the cause remanded.

*Reversed and remanded.*