Rowe *et al. v.* Fair *et al.*

(Division A. April 21, 1930.)

[128 So. 87. No. 28453.]

**J. A. Cunningham,** of Booneville, for appellants.

**E. M. Livingston,** of Louisville, and **Watkins, Watkins & Eager,** of Jackson, for appellees.

**Cook, J.,** delivered the opinion of the court.

The appellants, minor brothers and sisters of J. H. Rowe, deceased, filed their declaration in the circuit court of Winston county against D. L. Fair, Claud Fair, and

F. L. Fair, who were doing a sawmill and lumber business under the firm name of the D. L. Fair Lumber Company, seeking to recover the damages sustained by them as a result of the death of the said J. H. Rowe, alleged to have been caused by various acts of negligence of the defendants, as set forth in detail in the declaration. To this declaration the defendants filed a plea of the general issue and a special plea setting up a release of all liability of the defendants for the death of the said J. H. Rowe, executed by the administrators of the estate of the said J. H. Rowe, deceased, under and by virtue of a decree of the chancery court of Winston county authorizing the said administrators to compromise and settle the claim for damages for the death of the said J. H. Rowe. The release recited a consideration of two thousand dollars cash paid to the said administrators, and the conveyance to the appellants and their father, R. L. Rowe, of certain real estate located in the city of Louisville, Mississippi, of the alleged value of two thousand two hundred fifty dollars. The special plea set forth in detail the proceedings of the chancery court in appointing administrators of the estate of the deceased, and also the proceeding which resulted in the entry of a decree in the chancery court authorizing a compromise and settlement, for the consideration above stated, of the claim for damages on account of the death of decedent, and there was attached to the plea copies of the various pleadings and orders of the chancery court in reference to the appointment of administrators of the estate, and the compromise and settlement of the claim for damages, and also copies of the conveyance to the appellants and the release executed by the administrators.

To this special plea the appellants filed a replication which, as finally amended, averred, in general terms, that the appellees and their attorney and the surety company with which the appellees carried liability insurance entered into a conspiracy to defraud the appellants, and that as a consequence of certain acts and conduct of these conspirators which induced the execution of the release,

the same was fraudulent and void. The particular facts charged, however, which it was alleged rendered the release void, were, in substance and effect, that although W. C. Rowe and Mrs. R. L. Rowe, one the uncle and the other the stepmother of the appellants, were old and feeble in mind and body, the agents and attorneys of the appellees represented to them that they were suitable and proper persons to administer the estate of the deceased, J. H. Rowe; that there was no liability for the death of the decedent, and nothing could be recovered by suit for the injury and death; that this uncle and stepmother of the appellants were led to believe that appellees' attorney knew the law and was representing them instead of appellees; that these agents of the surety company and the appellees led them to believe that the proposed settlement was for the best interest of all parties concerned; that various agents and employees of the appellee were sent to these old people to urge them to accept the proposed settlement, ''and finally they succeeded in getting them to accept the settlement if it was possible.'' It was further alleged that the appellees advised these old people not to employ counsel, and while fraudulently concealing the fact that E. M. Livingston was their attorney, advised them to act upon his advice in the matter. It was further averred that upon the proper petition being filed in the chancery court, the said W. C. Rowe and Mrs. R. L. Rowe were duly appointed and qualified as administrators of the said estate, and that thereafter the attorneys for appellees prepared and filed a petition in the name of these administrators praying for authority to compromise and settle the claim for the death of the said decedent; that in this petition it was falsely and fraudulently stated that the age of the decedent was sixteen years, when as a matter of fact petitioners knew he was less than sixteen years of age, and that it was falsely and fraudulently stated therein that petitioners did not know of facts and circumstances that would definitely fix liability on the appellees for the accident, and that they were advised that appellees fur-

nished the deceased a reasonably safe place to work, and that after an investigation of all the facts and circumstances of the injury and death of the said J. H. Rowe, they were of the opinion that the best interest of all the heirs of the decedent would be conserved by accepting the proposed settlement of two thousand dollars cash, and the conveyance of a certain particularly described house and lot located in the city of Louisville, Mississippi, and worth one thousand five hundred dollars. The replication also averrea that the amount of said proposed settlement was wholly inadequate to compensate the appellants for the injury sustained by reason of the death of their minor brother.

The defendants filed a demurrer to this replication which was sustained, and the plaintiffs having declined to plead further, a final judgment in favor of the defendants was entered, and from this judgment this appeal was prosecuted.

The first question presented by this record for consideration is whether or not, in view of the provisions of section 515, Hemingway's 1927 Code, an administrator can compromise and settle a claim for damages for the death of a decedent, and execute a valid release of liability for such claim, although authorized so to do by a decree of the chancery court. In the case of Gunter v Henderson Molpus Co., 149 Miss. 603, 115 So. 720, it was held that a guardian may be empowered to compromise and settle his ward's claim, or right of action, for damages on the same proceedings, and under the same circumstances prescribed in reference to the compromise by an administrator of claims belonging to the estate of a deceased person, and the statute granting the chancery court power to authorize administrators to compromise claims belonging to the estate, which could not be readily collected, was discussed, and the conclusion was reached that the chancery court, or the chancellor in vacation, had the power to authorize an executor, or administrator, to compromise a doubtful claim for damages arising ex delicto, and that this power could be exercised at any

time after the grant of letters to the executor or administrator; and in the case of Kearum v. Southern Railway Co., 151 Miss. 784, 119 So. 301, the right of an administrator to compromise and settle such a claim, provided the release was based upon a valid decree of the chancery court, is binding upon all such interested ment, was expressly recognized. It will be noted, however, that under section 515 of Hemingway's 1927 Code, in actions for damages for the wrongful and negligent killing of a person, the action "may be brought in the name of the personal representative of the deceased person, for the benefit of all persons entitled under the law to recover," or in the name of certain designated heirs at law, or "all parties interested may join in the suit, and there shall be but one suit for the same death which shall ensue for the benefit of all parties concerned, but the determination of such suit shall not bar another action unless it be decided on its merits." The provision that the determination of the one suit permitted to be maintained shall not bar another action unless it be decided on its merits necessarily applies only to actions by certain designated heirs at law for the benefit of all parties interested, and can have no application where all the parties interested have joined in the suit, and join or acquiesce in a settlement without a trial on the merits. By this statute the personal representative of the deceased person is expressly authorized to bring the suit for the benefit of all persons entitled under the law to recover for such death, and in such a suit the administrator represents all parties beneficially interested in the recovery, and any settlement by such administrator, which is duly and properly authorized by a valid decree of the chancery court authorizing the compromise and settle-parties. In opposition to this view the appellants rely upon the cases of Sudberry v. Meridian Fertilizer Co., 106 Miss. 744, 64 So. 723; McCraney v. New Orleans & North Eastern R. R. Co., 128 Miss. 248, 90 So. 881; and Keanum v. Southern Railway Co., 151 Miss. 784, 119 So. 301. On its facts the case at bar is distinguishable

from these cases, and the point now decided was not involved in either of those cases. In the Sudberry case the prior suit, which was disposed of without a trial on the merits, was filed and compromised by one of the heirs at law over the protest and objection of the others. In the McCraney case it was alleged, and admitted by the pleadings, that the prior suit was filed, and the judgment therein entered, without the knowledge and consent of any one of the parties interested. In the Keanum case it was charged that there was active collusion between the administratrix of the estate and the defendants to defraud the estate in securing authority from the chancery court to compromise, and in compromising the claim for damages.

We come next to the consideration of the question as to whether or not the court below erred in sustaining the demurrer to the replication of the appellants. We are of the opinion that the averments of the replication are insufficient to render the decree of the chancery court, and the release executed in pursuance thereof, void, in which case the appellant would be entitled to ignore the release and sue on the original cause of action, and in that respect it is distinguishable from the cases of Jones v. A. & V. Ry. Co., 72 Miss. 22, 16 So. 379; St. Louis & San Francisco R. R. Co. v. Ault, 101 Miss. 341, 58 So. 102, in which it was held that the releases there involved were absolutely void, and that where the release is void it may be totally disregarded, and no tender of the fruits of the settlement is necessary. As to whether this release and the decree authorizing the execution thereof are voidable in a court of equity, we are not called upon to express any opinion, as no issue seeking cancellation on the ground of fraud is or could be presented in this proceeding, but under the averments of the replication the most that could be said is that the decree and release were voidable, and consequently the doctrine announced in the case of Smith v. St. Louis & San Francisco R. R. Co., 112 Miss. 878, 73 So. 801, is applicable to the facts presented by the pleadings in this cause.

There is a general averment that the administrators were old and infirm in body and mind, and consequently incapable of properly performing the duties of administrators of the estate; but as said in the Jones case, supra, mere weakness of mind of one of the parties will not avoid a release, and the question of whether or not the parties applying for appointment as administrators were capable of properly performing their duties and appreciating the nature, effect, and advantages, or disadvantages, of the settlement negotiated by them was one for the consideration and determination of the chancery court when they were appointed, and when the settlement was authorized and approved by it. The petition filed in the chancery court seeking authority to accept the proposed compromise was verified by the oath of each of the administrators, and the due execution of the release by the administrators is admitted. The alleged fraudulent representations made in the course of the negotiations leading to the execution of the release were principally the usual persuasion and the usual denials of liability on the part of the appellees, going to the procuring, inducement, or consideration of the release. There is no averment or showing that the administrators were not free to consult and advise with their friends and relatives as to the advisability of the settlement, and there is no direct averment that they relied upon the suggestion of the appellees that they act solely upon the advice of Attorney Livingston. The decree entered in the chancery court which authorized the compromise and settlement of the claim recited that it was granted after hearing the testimony, and after a full consideration of the petition and the testimony bearing upon the advisability of the proposed settlement.

As to the inadequacy of the settlement, it may be remarked that the settlement was for the substantial sum of two thousand dollars cash, and house and lot alleged in the special plea to be worth two thousand two hundred fifty dollars, and admitted by the replication to be worth at least seven hundred fifty dollars, and this was net

to the parties interested, without the usual reduction for expenses of litigation and contingent attorney's fees. The special plea charges, and the replication does not deny, that the deceased was unconscious from the time of his injury until his death a few minutes later, thus eliminating any damages for pain and suffering to the deceased. The declaration does not make a case for the infliction of punitive damages, and the suit was filed by minor brothers and sisters of the deceased, a boy about sixteen years of age having an alleged earning capacity of one dollar and fifty cents to two dollars per day, and with the elements of damages for which appellant could recover so limited, the alleged inadequacy of the settlement is not so apparent. In sustaining the demurrer to the replication we think the court below committed no error, and therefore the judgment will be affirmed.

Affirmed.