Annie Plummer EVANS, Appellant,

v.

James Walter CHEATWOOD and Anchor Petroleum Company, Appellees.

No. 20900.

United States Court of Appeals
Fifth Circuit.

March 26, 1964.

Jack B. Weldy, Francis Zachary, Edwin Lloyd Pittman, Zachary & Weldy, Hattiesburg, Miss., for appellant.

Moran Pope, Jr., Hattiesburg, Miss., Rae Bryant, Gulfport, Miss., Russell Talbott, Houston, Tex., Simrall, Aultman & Pope, Hattiesburg, Miss., for appellees.

Before HUTCHESON and BROWN, Circuit Judges, and CHRISTENBERRY, District Judge.

HUTCHESON, Circuit Judge:

Declaration was filed by attorney for the plaintiff, Annie Plummer Evans, in the Circuit Court of Forrest County, Mississippi, on Feb. 19, 1963, against the defendants, jointly and severally, for damages both actual and punitive in the sum of $40,000.00, for the wrongful death of Lifus Bradford, deceased, brother of the plaintiff.

The suit was removed to the United States District Court for the Southern District of Mississippi. Defendants filed their answer to the declaration on March 7, 1963, and on March 16, 1963, filed a motion for summary judgment. Defendants in all of their pleadings filed herein set up as affirmative defenses a purported final judgment entered by the United States District Court for the Southern

District of Mississippi, in Civil Action No. 1549, alleging that said judgment was *res judicata* of plaintiff's cause of action; that a release has been obtained from the Administratrix of the Estate of the deceased pursuant to a decree of the Chancery Court of Forrest County, Mississippi, on an ex parte petition to settle an alleged doubtful claim.

Plaintiff filed an answer incorporating motions to strike the first and second defenses set forth in defendant's answer and alleged that there had been no "final determination of plaintiff's cause of action on its merits", as provided by Section 1453 of the Mississippi Code of 1942 as Annotated and Amended, commonly called the Wrongful Death Statute.

Upon agreement of counsel for all parties, argument on defendants' motion for summary judgment was heard by the court, argument was heard likewise on plaintiff's motions to strike, as defendants' motion and plaintiff's motions involved the same matter.

The court, after hearing arguments of counsel for both sides, testimony of defendants' attorneys, who were called as plaintiff's witnesses, and who were examined in open court, received memorandum briefs on behalf of plaintiff and defendants in support of their argument on the motions.

The sole issue before the court was, and here is, whether or not the purported final judgment obtained in Civil Action No. 1549 and release of administratrix, pursuant to the Chancery Court of Forrest County, Mississippi, decree on an ex parte petition, constitute a determination of plaintiff's cause of action on its merits, so as to bar her claim for the wrongful death of the deceased, Lifus Bradford, under Sec. 1453 of the Mississippi Code of 1942 as Annotated and Amended.

The district judge, after hearing argument, entered judgment based on an opinion,[1] in which, discussing the facts and canvassing the cited cases, it was held that the judgment pleaded in defense of the suit was *res judicata* under Rowe v. Fair, 157 Miss. 326, 128 So. 87.

Appellant is here insisting that the court erred in granting summary judgment for appellees when, under the Mississippi statute and decisions,[2] as a matter of law it is clear that the judgment relied on did not constitute a "determination of appellant's suit on its merits" under Sec. 1453 Miss. Code 1942, Annotated and Amended, and because under the principles governing the grant of summary judgment there were at least issues of fact as to whether the judgment relied on was such a determination.[3]

We agree with appellants on both of their contentions. Certainly the judgment relied on on its face was not "a determination of the case on the merits" but only a settlement of the controversy.

In the alternative, we agree that if this is not so as a matter of law, there were certainly issues of fact which had to be determined in order to reach the conclusion the district judge reached, that the judgment was a final determination on the merits. In reaching this conclusion, we are not unmindful of the decision of Rowe v. Fair, 157 Miss. 326, 128 So. 87, on which the district judge relied.

Assuming, without deciding, that the Rowe case was correctly decided on its facts, it is quite clear that that case did not overrule Sudberry v. Meridian Fertilizer Factory, 106 Miss. 744, 64 So. 723 and Keanum et al. v. Southern Ry.

1. Evans v. Cheatwood, et al., (5–22–63).

2. Keanum et al. v. Southern Ry. Co., 151 Miss. 784, 119 So. 301; Rowe v. Fair, 157 Miss. 326, 128 So. 87; Sudberry et al. v. Meridian Fertilizer Factory, 106 Miss. 744, 64 So. 723; Miss.Code of 1942, Annotated and Amended, Sec. 1453.

3. Bruce Construction Corp. v. United States, for Use of Westinghouse Elec. Supply Co., 5 Cir., 242 F.2d 873; Huff v. Louisville & Nashville R. R., 5 Cir., 198 F.2d 347; Barron and Holtzoff, Federal Practice and Procedure, Sec. 1234; Moore, Federal Practice, Sec. 2339 et seq. (2nd ed. 1953); Moore, Federal Practice, Sec. 2166 (2d ed. 1953).

Co., 151 Miss. 784, 119 So. 301, and that those cases are controlling in this case on its facts.

In addition, it is quite completely clear that the facts, testified to in this case, if they did not as matter of law establish that there was no determination of the case on the merits, certainly presented issues of fact tending to show that there was not and, therefore, prevented the district judge from entering a judgment to the contrary. Indeed the evidence to the contrary of the finding and conclusion of the district court is such as to shock the conscience and to prevent such a finding.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.