BRADY, Justice:
After a review of the diminutive record in this cause and a study of the briefs and authorities cited therein, we reach the inescapable conclusion that, assuming the facts as alleged in the bill of complaint to be true (as we must on the demurrer), the Circuit Court of Oktibbeha County should have sustained a motion of the appellant to set aside the default judgment granted on June 12, 1968, at the October 1968 Term of Court. The circuit courts of this state have original jurisdiction of suits filed therein for damages based upon actions ex contractu and ex de-licto. An appeal to this Court should have been taken from the order of the Circuit Court of Oktibbeha County at the October Term denying appellant’s motion to set aside the default judgment heretofore obtained on June 12, 1968. Default judgment appears to have been improperly granted.
We have as yet to find a case where this Court has said that the chancery court has the inherent power where jurisdiction is concurrent to enjoin the circuit court. The case of Gardner v. Price, 199 Miss. 809, 25 So.2d 459 (1946) does not hold that, the chancery court has authority to enjoin the action of a circuit court. This Court held in that case as follows:
It is not a question, it seems to us, of whether such a pronouncement by the court was a judicial determination, or of whether the court had authority to make it; but it is a question of fairness and conscience. (199 Miss, at 816, 25 So.2d at 461.)
In conclusion, it should be noted that the circuit court has the inherent power to correct judgments obtained in that court through fraud, accident or mistake. Any court should have the authority and right to correct a judgment obtained through fraud which vitiates any contract, and in the case at bar the accident or mistake could have been rectified by the filing of a petition for writ of error coram nobis and thus bring this case before the Supreme Court from the Circuit Court of Oktibbeha County, as is shown in Corry v. Buddendorff, 98 Miss, 98, 54 So. 84 (1910).
For these reasons, and not without some regret, the action of the chancery court in sustaining the demurrer is affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, JONES and SMITH, JJ., concur.