**Salov v. Don Allen Chevrolet Co., Inc.**

*Paul F. Laughlin,* for plaintiff.

*Frederick J. Francis,* for defendant.

*Richard J. Mills,* for additional defendant.

McLEAN, J., May 3, 1971.—This case comes before the court on the preliminary objections in the nature of a demurrer to plaintiff's complaint filed by defendant, Don Allen Chevrolet, and additional defendant, Chevrolet Motor Division of General Motors Corporation.

Plaintiff purchased a new 1969 Chevrolet from defendant and has alleged in his complaint that defendant is liable to plaintiff for damages by reason of the fact that defendant, in selling the automobile to plaintiff in an alleged 'defective condition, breached an implied warranty that the vehicle was fit to be used as a motor vehicle.

Defendant then filed a complaint to join an additional defendant, Chevrolet Motor Division of General Motors Corporation, alleging that, if plaintiff was offered any warranty of any kind in relation to the automobile purchased by plaintiff, the warranties were made by General Motors Corporation and not by the original defendant.

Attached as an exhibit to plaintiff's amended complaint is a copy of the sales contract which plaintiff signed in purchasing the vehicle. Paragraph 10 of the sales contract sets forth the following:

"There are no warranties, expressed or implied, made by the seller herein, or the manufacturer, on the vehicle or chassis described on the face hereof except that in the case of a new vehicle or chassis the printed General Motors new vehicle warranty delivered to purchaser with such vehicle or chassis shall apply and the same is hereby made a part hereof as though fully set forth herein. The new vehicle war-

ranty is the only warranty applicable to such new vehicle or chassis and is expressly in lieu of all other warranties, expressed or implied, including any implied warranty of merchantability or fitness for a particular purpose."

Defendant and additional defendant have filed preliminary objections in the nature of a demurrer, stating that the facts alleged in plaintiff's amended complaint fail to state a cause of action against either of them. In particular, defendant and additional defendant claim that paragraph 10 of the sales contract contains an express disclaimer of any warranties of fitness for a particular purpose beyond that contained in the warranty which was delivered to the vendee with the vehicle. Plaintiff, however, asserts that the disclaimer was not "conspicious" and, therefore, does not operate to eliminate plaintiff's cause of action based on a breach of implied warranties of fitness.

Section 2-316(2) of the Uniform Commercial Code states that:

"Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in the case of a writing must be conspicious, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicious. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that 'There are no warranties which extend beyond the description on the face hereof.' "

And section 1-201(10) states that the definition of "conspicuous" is:

" 'Conspicuous': A term or clause is conspicuous when it is so written that a reasonable person against

whom it is to operate ought to have noticed it. A printed heading in capitals (as: NON-NEGOTIABLE BILL OF LADING) is conspicuous. Language in the body of a form is 'conspicuous' if it is in larger or other contrasting type or color. But in a telegram any stated term is 'conspicuous'. Whether a term or clause is 'conspicuous' or not is for decision by the court."

We must determine whether the disclaimer was "conspicuous," as this term is defined in the Uniform Commercial Code.

There have been few reported cases construing the definition of the word "conspicuous." In the only Pennsylvania case found on the point, Warminster Township Municipal Authority to the use of the Robinson Clay Product Company, Inc. v. Berlanti Construction Company, Inc., et al., 13 Bucks L. Rep. 527 (1964), the court held that a disclaimer provision which was on the reverse side of the purchase order form and in the same size print as the other terms and conditions in the 14 separate paragraphs on that side was as a matter of law not "conspicuous." And in Minikes v. Admiral Corporation & Newmark & Lewis Syosset Corp., 266 N. Y. S. 2d 461 (1966), it was held that where an alleged disclaimer of implied warranties in a purchase order was in smaller type than the rest of the purchase order, it was not "conspicuous" as a matter of law. Lastly, in Boeing Airplane Company v. O'Malley, 329 F.2d 584 (D. C., Minn. 1964), the court, construing the Pennsylvania statute, held that where the disclaimer was merely in the same color and size type used for other provisions, the disclaimer was not "conspicuous" as a matter of law.

As is stated in section 1-201(10) of the Uniform Commercial Code, whether a term or clause is "conspicuous" or not is for decision by the court. There-

fore, upon a careful examination of the purchase order-sales contract here involved we decide that the disclaimer provision in paragraph 10 is not "conspicuous" within the meaning of the code. In the first place, paragraph 10 is on the reverse side of the sales contract. It is true that language on the obverse side of the contract refers the reader to the 12 paragraphs on the reverse of the contract. However, the referring language on the front of the contract is at the bottom of the page and is in print much smaller than any other print on the page. This has the effect of minimizing the notice, since most of the language on the front is in capital letters.

In the second place, the disclaimer clause is the tenth paragraph of 12 paragraphs single-spaced on the reverse side of the contract. It is almost at the bottom of the page. Furthermore, the print is only slightly larger than the other print on the page, has only a slight slant when compared to the other print on the page, and is of the same color, though perhaps a shade darker. This hardly is "conspicuous," especially where capital letters have been generously used on the front side, the only side with blanks to be filled in.

Therefore, we must deny defendant's and additional defendant's preliminary objections.

## ORDER

And now, May 3, 1971, after oral argument and a consideration of briefs filed by counsel, it is ordered that the preliminary objections of defendant and additional defendant in the nature of a demurrer are denied, and defendant and additional defendant are given 20 days within which to plead further.