SMITH, Justice:
The City of Starkville appeals from an order of the Circuit Court of Oktibbeha County which dismissed proceedings for writ of error coram nobis directed toward setting aside a default judgment which had been entered against it at a former term in favor of appellees, George Thompson and Marilyn Thompson. The present case involves the same controversy between the parties which gave rise to the appeal dealt with by this Court in an opinion reported in 243 So.2d 54, and the proceedings now before us were begun following the decision in the former case.
As this Court stated in the City of Starkville v. Thompson, supra:
[W]e reach the inescapable conclusion that, assuming the facts as alleged in the bill of complaint to be true (as we must on the demurrer), the Circuit Court of Oktibbeha County should have sustained a motion of the appellant to set aside the default judgment granted on June 12, 1968, ....
Reviewing the facts alleged in appellants’ petition, in the light of the circumstances under which the default judgment was entered, which may be gleaned from the record, the trial court dismissed the proceedings under the erroneous view that a former order, overruling for want of jurisdiction a motion to set aside the judgment made after adjournment of the term at *192 which it had been entered was res judicata and barred the present suit.
Ordinarily, a trial court is without jurisdiction to act upon a motion to set aside a judgment filed after adjournment of the term. However, as stated in McCraney v. New Orleans & N. E. R. Company, 128 Miss. 248, 258, 90 So. 881, 883 (1922) quoting Richardson v. Brooks, 52 Miss. 118, this Court said:
“Fraud vitiates everything, and [a judgment obtained by fraud] may be collaterally attacked, and this applies to the judgments and decrees of all courts.”
The facts alleged make it clear that the default judgment entered against appellant was the result of fraud or the legal equivalent thereof. If such facts are true, the fraud which resulted in the procurement of the judgment, whether actual or constructive, render the judgment void.
The reasonably foreseeable consequences to appellant of the acts complained of were the same whether actually prompted by an evil design or by a motive entirely innocent. The circumstances were such as might reasonably have been calculated to produce the result which, in fact, ensued and constituted a constructive fraud upon appellant, however innocent the motive on the part of the actors.
The trial court should have heard proof and, if the facts should prove to have been as alleged by appellant, should have set aside the default judgment and have granted a trial upon the merits in the original action.
In Carr v. Miller, 162 Miss. 760, 766, 139 So. 851, 852 (1932) the Court stated:
We think, therefore, that there is abundant evidence to sustain the conclusion that there was legal fraud in the very act of obtaining each of these so-called blanket orders, and it is well settled in this state that fraud in the procurement of a judgment opens it to a collateral attack, as against the person who has thus procured the judgment. The authorities on that subject, are reviewed in McCraney v. [N.O. & N.E.] Railroad Co., 128 Miss. 248, 257, 90 So. 881, and Weems v. Vowell, 122 Miss. 342, 353, 84 So. 249.
This Court also stated in the City of Starkville v. Thompson, supra:
The case of Gardner v. Price, 199 Miss. 809, 25 So.2d 459 (1946) does not hold that the chancery court has authority to enjoin the action of a circuit court. This Court held in that case as follows:
“It is not a question, it seems to us, of whether such a pronouncement by the court was a judicial determination, or of whether the court had authority to make it; but it is a question of fairness and conscience. (199 Miss. at 816, 25 So.2d at 461.)”
In conclusion, it should be noted that the circuit court has the inherent power to correct judgments obtained in that court through fraud, accident or mistake. Any court should have the authority and right to correct a judgment obtained through fraud which vitiates any contract, and in the case at bar the accident or mistake could have been rectified by the filing of a petition for writ of error coram nobis and thus bring this case before the Supreme Court from the Circuit Court of Oktibbeha County. . . . (243 So.2d 54, 55)
The order appealed from is reversed and the case is remanded for further proceedings consistent herewith.
Reversed and remanded.
RODGERS, P. J., and JONES, PATTERSON and ROBERTSON, JJ., concur.